UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 12-cv-5528 (JFB)(AKT)

———————————

NSI INTERNATIONAL, INC.,

Plaintiff,

VERSUS

MONA MUSTAFA,

Defendant.

———————————

**ORDER ADOPTING REPORT AND RECOMMENDATION**
March 26, 2014

———————————

JOSEPH F. BIANCO, District Judge:

Plaintiff NSI International, Inc. filed this suit against *pro se* defendant Mona Mustafa to enforce a settlement agreement ("the Settlement") reached between the parties in July 2011. (*See* First Amended Complaint ("FAC"); Ex. A to FAC.) The Settlement addressed any claims defendant, a former employee of plaintiff, may have had against plaintiff arising out of her termination in December 2008. (*Id.*) In short, the present summary judgment motion argues that, even after signing the Settlement and accepting payment under it, defendant continued to litigate a discrimination action against plaintiff before the Illinois Human Rights Commission ("IHRC"). Defendant has argued that the Settlement is unenforceable for a variety of reasons, and has filed a separate motion for sanctions.

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Tomlinson, as well as defendant's objections to the R&R and plaintiff's reply to those objections. The R&R recommends that the Court grant plaintiff's motion for summary judgment and enforce the Settlement, and that the Court deny defendant's motion for sanctions.

For the reasons that follow, having reviewed the entire R&R *de novo*, the Court adopts Magistrate Judge Tomlinson's thorough and well-reasoned R&R in its entirety.

I. PROCEDURAL HISTORY

The parties first appeared before this Court in April 2009, when defendant removed an action filed by plaintiff in the New York State Supreme Court, County of Suffolk. In July 2011, the parties conducted a settlement conference before this Court, and agreed to resolve all claims defendant

may have had related to her termination from plaintiff's employ in exchange for $60,000. (Ex. A to FAC.)

On November 8, 2012, plaintiff initiated the current lawsuit against defendant, alleging that she breached the Settlement by continuing to litigate her discrimination case against plaintiff before the IHRC. Plaintiff amended the complaint on December 5, 2012. Defendant answered the amended complaint on February 15, 2013, and plaintiff moved for summary judgment on March 22, 2013. Defendant opposed the motion on April 24, 2013, and plaintiff replied in further support of the motion on May 6, 2013. Defendant filed a sur-reply on May 13, 2013, to which plaintiff replied on May 30, 2013.

On July 11, 2013, the Court referred the summary judgment motion to Magistrate Judge Tomlinson for a Report and Recommendation. Defendant then filed a letter on August 22, 2013 seeking leave to move for sanctions against plaintiff's counsel, and to strike the FAC, which plaintiff opposed on August 29, 2013. The Court construed defendant's letter as an additional motion and referred it to Magistrate Judge Tomlinson on September 20, 2013.

Magistrate Judge Tomlinson issued the R&R on February 25, 2014, and noted that any objections to the R&R were due within 14 days. On March 11, 2014, defendant filed her objections, and plaintiff replied to those objections on March 25, 2014.

II. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *Santana v. United States*, 476 F. Supp. 2d 300, 302 (S.D.N.Y. 2007); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

III. DISCUSSION

Defendant objects to the R&R for several reasons, and attempts to identify several issues of material fact. The Court has carefully considered these objections and reviewed the R&R *de novo*. Below, the Court discusses each objection in turn, ultimately concluding that defendant has not identified any genuine issues of material fact, and adopting the R&R's recommendation to grant defendant's

summary judgment motion. Likewise, the Court adopts the recommendation to deny defendant's motion for sanctions.

### A. Waiver

Defendant's first argument is that NSI, by filing the current lawsuit, is retaliating against her for her purported repudiation of the waiver of discrimination claims contained in the Settlement. This argument is based on defendant's broad premise that victims of discrimination may not waive discrimination claims, or that they may "repudiate" any waiver they have been convinced to make. The only legal support defendant cites for this premise is *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 426-27 (1998), which held that employees could not waive ADEA claims unless the waiver satisfied the specific statutory waiver requirements found in 29 U.S.C. § 626(f).

Defendant's case is clearly distinguished by the absence of any statutory requirements alleged to have been violated when she reached the Settlement with plaintiff. In fact, defendant has not identified any relevant statutory provision governing the Settlement, much less shown evidence that it was violated. Employment discrimination cases regularly reach settlement, and the agreements are enforced even where the alleged victim later seeks to repudiate the agreement. *See, e.g.*, *Powell v. Omnicom*, 497 F.3d 124 (2d Cir. 2007). Accordingly, the Court concludes that the Settlement is not barred by any restrictions on defendant's ability to withdraw her claims before the IHRC.

### B. Enforceability of Settlement

Defendant also argues that the Settlement is unenforceable because it had an unlawful purpose, lacked mutual assent, and was executed by incompetent parties.

With respect to mutual assent and the competence of the parties, "[a] settlement agreement is a contract that is interpreted according to general principles of contract law." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005). "The only essential prerequisite for a valid settlement agreement is that the parties assent to the terms and conditions of the settlement." *N. Fork Country, LLC v. Baker Publ'ns, Inc.*, 436 F. Supp. 2d 441, 445 (E.D.N.Y. 2006). Courts in this circuit have enforced settlement agreements even in the absence of a writing, *see id.*, but here, the parties' mutual assent is evident in an unambiguous written contract. The R&R concluded that the written contract demonstrated the parties' mutual assent, and was valid and enforceable under New York contract law. Having reviewed the question *de novo* and examined the Settlement (*see* Ex. A to FAC), the Court agrees with Magistrate Judge Tomlinson's analysis. The words of the Settlement are clear, and manifest "mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms." *Express Indus. & Terminal Corp. v. N.Y. State Dept. of Transp.*, 93 N.Y.2d 584, 589 (1999). Defendant has not identified which provisions of the Settlement are indefinite or demonstrate a lack of mutual assent, nor has she identified any other material facts suggesting lack of mutual assent. Likewise, she has identified no facts concerning the competence of the parties, and accordingly, neither challenge to the Settlement creates a genuine issue for trial.

Defendant's argument that the purpose of the Settlement was unlawful is based on her contention that "NSI entered it in order to avoid liability for unlawful

discrimination." (Def. Mem. at 5.) Simply put, that purpose is not unlawful. On the contrary, there is a "clear policy in favor of encouraging settlements" in civil rights cases. *Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity*, 514 F.2d 767, 771 (2d Cir. 1975). Defendant has not identified any facts suggesting that the Settlement was unfair or unreasonable in any way, and therefore the Court does not conclude that it was reached for an unlawful purpose.

### C. Neutral Letter of Reference

Defendant has continued to argue, in the alternative, that the Settlement is unenforceable because plaintiff breached it by failing to provide her with a neutral letter of reference, as required under the terms of the Settlement. Considering this same argument, Magistrate Judge Tomlinson noted that plaintiff did provide the letter, but did so during the litigation of this case (in April 2013) instead of immediately upon reaching the Settlement. (R&R at 20-21.) The Settlement did not specify a timeframe within which plaintiff was required to provide the letter, and the R&R concluded that, even if one assumed the letter was untimely, there was no evidence that the untimeliness was willful, which weighs against a conclusion that plaintiff committed a material breach of the Settlement. (*Id.* at 21.)

The Court has considered *de novo* whether the provision of the letter of reference in April 2013 was a material breach voiding the Settlement, and reaches the same conclusion as the R&R. In particular, the Court notes that defendant's objection is based on her claim that she was less able to earn a living in the absence of the reference letter, which she argues creates a genuine issue of material fact. The Court disagrees, since no specific facts support that argument; instead, defendant admits that she refused to open the letter when she received it, and denied ever having requested it from plaintiff. (Def. Mem. at 16; Ex. 10 to Def. Mem.) Therefore, the neutral letter of reference does not create a genuine issue for trial.

### D. Fraud

Defendant has continued to argue that plaintiff committed fraud, and although her analysis focuses on plaintiff's statements during the IHRC proceedings (not in the negotiation of the Settlement), the Court will assume that defendant intends to challenge the Settlement on the basis of fraud. Having reviewed the question *de novo*, the Court shares Magistrate Judge Tomlinson's conclusion that defendant has identified no material facts suggesting that plaintiff committed fraud. In any event, defendant ratified any alleged fraud and waived her ability to challenge it by accepting payments from plaintiff under the Settlement. *See Agristor Leasing-II v. Pangburn*, 557 N.Y.S.2d 183, 185 (N.Y. App. Div. 1990) ("Whether under a waiver or ratification analysis, a party may not avoid an agreement on grounds of fraud if, after acquiring knowledge of the fraud, he affirms the contract by accepting a benefit under it.").

### E. Remaining Summary Judgment Objections

Defendant's objections also contain several arguments which the Court has carefully considered, but which do not raise any material facts affecting the enforceability of the Settlement. Many of these arguments concern the IHRC proceedings, with a particular focus on the

4

conduct of plaintiff's counsel during those proceedings. The question on this motion, however, is not whether those proceedings were conducted in a particular manner, but instead whether defendant's agreement to stop participating in those proceedings, in exchange for $60,000, may be enforced against her. The facts that defendant identifies—for example, that plaintiffs stated during an IHRC proceeding that they gave her a $1,000 check, when in fact the check was for $933.72 (Def. Mem. at 5)—simply do not raise a genuine issue for trial on the question of the Settlement's enforceability. The Court reaches the same conclusion with respect to defendant's arguments about her termination from plaintiff's employ, which occurred long before she litigated the matter before the IHRC and settled it with plaintiff. Whether the resulting Settlement is enforceable does not depend on plaintiff's factual allegations about her performance in the workplace.

Finally, defendant objects that she has been denied due process and equal protection in her dealings with the Court, and that the undersigned should be recused. The factual allegations offered in support of the constitutional objections simply describe the natural delay experienced by litigants attempting to file lengthy documents through the mail, which must then be uploaded to the Electronic Case Filing System. These allegations do not amount to a violation of defendant's constitutional rights, and defendant has suffered no prejudice from this procedure.

With respect to the recusal motion, "[i]n determining whether Section 455(a) requires recusal, the appropriate standard is objective reasonableness—whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (quoting *Diamondstone v. Macaluso*, 148 F.3d 113, 121 (2d Cir. 1998)) (alteration in original). Defendant's asserted basis for recusal is that, earlier in the history of this case, the Court stated that the Settlement required her not to participate in the IHRC proceedings. The clear and unambiguous language of the Settlement supports that conclusion, which Magistrate Judge Tomlinson recommended and which this Court has again reached after a *de novo* review. In short, there is no basis for recusal.

F. Motion for Sanctions

Defendant does not distinguish which objections apply to her motion for sanctions, but having considered her entire pleading and the R&R *de novo*, the Court adopts the recommendation to deny defendant leave to move for sanctions. Her request was based on the contention that the current lawsuit is frivolous, but the Court has concluded that plaintiffs have presented a valid claim for breach of contract. In addition, defendant has identified no material facts to support her claim that counsel for plaintiff defamed her. Therefore, defendant's motion for leave to move for sanctions is denied.

IV. CONCLUSION

Having conducted a *de novo* review of the R&R, the Court adopts the R&R in its entirety. Plaintiff's motion for summary judgment is granted because plaintiff has shown that there is no genuine issue of fact concerning whether defendant breached the Settlement, and defendant's various objections do not raise a genuine issue for trial. In addition, defendant's motion for leave to move for sanctions is denied.

As is discussed in the R&R, counsel for plaintiff shall submit adequate documentation, including contemporaneous billing records demonstrating the reasonableness and necessity of their rates and hours. Counsel shall submit such documentation no later than April 25, 2014.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 26, 2014
      Central Islip, NY

*\* \* \**

Plaintiff is represented by Jamie Scott Felsen and Joseph M. Labuda, Milman Labuda Law Group, PLLC, 3000 Marcus Avenue, Suite 3W3, Lake Success, NY 11042. Defendant is *pro se*.