**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
NSI INTERNATIONAL, INC.,

                              Plaintiff,

              - against -

MONA MUSTAFA,

                         Defendant *Pro Se*.
-------------------------------------------------------------------X

**COMPLIANCE AND SHOW CAUSE ORDER**

CV 12-5528 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Presently before the Court is the letter motion by Plaintiff NSI International Inc. ("Plaintiff") seeking to compel *Pro Se* Defendant Mona Mustafa ("Defendant") to respond to Plaintiff's post-judgment document requests and interrogatories. *See* DE 85. Plaintiff further requests that the Court: (1) direct Defendant to comply with the Restraining Notice served on her pursuant to Fed. R. Civ. P. 69 and N.Y. C.P.L.R. § 5222 (McKinney's 2016); and (2) require Defendant to appear in-person before the Court or, in the alternative, issue sanctions against her based on, *inter alia*, her failure to respond to Plaintiff's post-judgment discovery requests and "possible failure" to comply with the Restraining Notice. *See id.*

      This is not the first time Plaintiff has sought to compel Defendant to respond to its post-judgment discovery requests which were originally served on December 16, 2014. *See* DE 89-1. Plaintiff first moved to compel Defendant to respond on January 29, 2015. *See* DE 80. The Court granted Plaintiff's motion on February 9, 2015 and directed Defendant to produce her responses to Plaintiff's discovery requests by March 2, 2015. DE 83. The Court further stated that "[i]f Defendant does not provide her responses to Plaintiff's counsel by March 2, 2015, the Court will require Defendant to appear for a hearing on why sanctions should not be imposed for failure to comply with the Court's Orders." *Id.*

Following the Court's February 9, 2015 Order, Defendant sent Plaintiff a "Response and Demand," dated February 28, 2015, which sets forth multiple reasons why Defendant refuses to respond to Plaintiff's post-judgment discovery demands. *See* DE 85-2. Plaintiff also filed her response with the Court. *See* DE 87.

Having reviewed Defendant's submission, the Court finds that Defendant has not provided valid reasons for her refusal to respond to Plaintiff's discovery requests. Primarily, Defendant's "objection" to responding based on the fact that Plaintiff's counsel is not admitted to practice in the State of Illinois is irrelevant. *See* DE 87 at 2-3. The discovery requests at issue here concern the above-captioned litigation which is pending in the Eastern District of New York, where Plaintiff's attorneys are admitted. Moreover, Defendant's disagreement with certain issues which go to the merits of this action does not provide a proper basis for her refusal to respond to post-judgment discovery requests. *See id.* at 3-4. The Court further points out that Judge Bianco's decision granting summary judgment to Plaintiff was affirmed by the United States Court of Appeals for the Second Circuit on September 22, 2015. *See* DE 99. Thus, to the extent Defendant has refused to respond because the Second Circuit's decision was still pending, that "objection" is now moot.

As to the relief sought by Plaintiff's counsel, the Court will address the motion in two parts. First, the Court finds that there is no reasonable basis for Defendant to continue to delay responding to Plaintiff's discovery requests and the Court will not tolerate further delay. The Court hereby orders Defendant, **for the final time**, to respond to Plaintiff's post-judgment document requests and interrogatories previously served on her on December 16, 2014. *See* DE 85-1. However, the Court will limit several of Plaintiff's demands. Specifically, Defendant is not required to respond to Document Request No. 14, or Interrogatory Nos. 8, 9, 11, and 13.

However, Defendant must serve her responses to the remaining document requests and interrogatories to Plaintiff's counsel no later than **April 28, 2016**.

Second, as to Plaintiff's request that the Court direct Defendant to appear before the Court or, alternatively, issue sanctions against Defendant for her failure to respond to Plaintiff's post-judgment demands, the Court is hereby issuing an Order to Show Cause. Therefore, it is hereby

ORDERED, **THAT DEFENDANT MONA MUSTAFA APPEAR IN PERSON BEFORE THE HON. A. KATHLEEN TOMLINSON PRESIDING, AT THE ALFONSE D'AMATO FEDERAL COURTHOUSE, 100 FEDERAL PLAZA, CENTRAL ISLIP, NEW YORK, 11722, IN COURTROOM 910, ON TUESDAY, MAY 3, 2016 AT 11:30 A.M. EASTERN STANDARD TIME, AND SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED ON MONA MUSTAFA FOR HER FAILURE TO COMPLY WITH THE ORDERS OF THIS COURT**; and it is further

ORDERED, **THAT, IN THE ALTERNATIVE, IF DEFENDANT MONA MUSTAFA CLAIMS THAT TRAVEL TO THE EASTERN DISTRICT OF NEW YORK COURTHOUSE IN CENTRAL ISLIP, NEW YORK WOULD POSE AN UNDUE HARDSHIP ON HER, THEN DEFENDANT MONA MUSTAFA WILL BE PERMITTED TO APPEAR BY VIDEO CONFERENCE AT THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EVERETT MCKINLEY DIRKSEN UNITED STATES COURTHOUSE, 219 SOUTH DEARBORN STREET, CHICAGO, ILLINOIS, 60604, IN ROOM 1554 ON TUESDAY, MAY 3, 2016 AT 10:30 A.M. CENTRAL STANDARD TIME, AND SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED ON MONA MUSTAFA FOR HER FAILURE TO**

**COMPLY WITH THE ORDERS OF THIS COURT**; and it is further;

ORDERED, **THAT IF DEFENDANT MONA MUSTAFA ELECTS TO APPEAR BY VIDEO CONFERENCE FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EVERETT MCKINLEY DIRKSEN UNITED STATES COURTHOUSE, ON MAY 3, 2016, SHE MOST NOTIFY THE HON. A. KATHLEEN TOMLINSON IN WRITING OF HER INTENT TO DO SO NO LATER THAN APRIL 25, 2016**; and it is further

ORDERED, that Plaintiff's counsel must be present for the Show Cause Hearing on May 3, 206, at the Alfonse D'Amato Federal Courthouse in Central Islip, New York; and it is further

ORDERED, that Plaintiff's counsel shall serve a copy of this Order on Defendant Mona Mustafa forthwith by overnight mail, first-class mail, and e-mail, and file proof such serve on ECF immediately.

Defendant Mona Mustafa is urged to consult with an attorney regarding this Order and its consequences. **Moreover, Defendant is hereby placed on notice that failure to comply with this Order may result in Defendant being found in contempt of Court and subject to further action by the Court.**

Finally, Plaintiff requests that the Court (1) direct Defendant to comply with the Restraining Notice served on December 16, 2014 pursuant to Fed. R. Civ. P. 69 and N.Y. C.P.L.R. § 5222, and (2) sanction Defendant based on her "possible failure to comply with the Restraining Notice." DE 85 at 2, *see* DE 85-1. Fed. R. Civ. P. 69 provides that "[a] money judgment is enforced by a writ of execution" and "[t]he procedure on execution . . . must accord with the procedure of the state where the court is located . . . . " Fed. R. Civ. P. 69(a)(1). New

York law therefore applies here and, specifically, N.Y. C.P.L.R. § 5222, which governs restraining notices. Under N.Y. C.P.L.R. § 5222, once a judgment holder has served the debtor with a restraining notice, the debtor is prohibited from transferring or assigning property before the judgment has been satisfied. *See* N.Y. C.P.L.R. § 5222(b). A failure to comply with a restraining notice "is punishable by contempt" and "[a] judgment creditor may move in federal court to hold a judgment debtor in civil contempt for transferring property in violation of N.Y. C.P.L.R. § 5222(b)." *Cordius Trust v. Kummerfeld Associates, Inc.*, 658 F. Supp. 2d 512, 517-18 (S.D.N.Y. 2009); *see also* N.Y. C.P.L.R. § 5251 (McKinney's 2016).

Here, Plaintiff has not moved to hold Defendant in contempt for failing to comply with the December 16, 2014 Restraining Notice. Rather, Plaintiff asks the Court to direct Defendant to comply with the Restraining Notice and to impose sanctions based on, essentially, her prospective non-compliance with that notice. Plaintiff has not cited any case law or other authority indicating that it would be proper for the Court to grant this relief under the circumstances presented here, *i.e.*, where Plaintiff (1) has not moved to hold Defendant in contempt, and (2) has not provided any evidence or indication that Defendant has violated the Restraining Notice.

The Court further notes that Plaintiff appears to assert in its motion that the December 16, 2014 Restraining Notice is the second such notice it has served on Defendant regarding this action. *See* DE 89 at 2 ("NSI previously served a Restraining Notice and Information Subpoena on Mustafa under the CPLR, but Mustafa refused to respond."). Under N.Y. C.P.L.R. § 5222(c), "[l]eave of court is required to serve more than one restraining notice upon the same person with respect to the same judgment or order." Plaintiff has not specified whether this requirement was met here. Plaintiff also has not indicated whether it provided Defendant with the requisite

"Notice to Judgment Debtor or Obligor" along with the December 16, 2014 Restraining Notice. *See* N.Y. C.P.L.R. § 5222(d), (e); *see also Cordius*, 658 F. Supp. 2d at 517-18 ("Additionally, where the debtor is a natural person the judgment creditor must provide the debtor with notice of potentially exempt funds and the procedure for getting such funds back, and must alert the debtor that he may wish to consult legal counsel.") (citing N.Y. C.P.L.R. § 5222(e)).

For these reasons, the Court declines to take any action regarding the Restraining Notice unless and until it receives further information from Plaintiff.

**SO ORDERED.**

Dated: Central Islip, New York
March 28, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge