**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
NSI INTERNATIONAL, INC.,

                        Plaintiff,

                                                               **ORDER**

            - against -

                                                       CV 12-5528 (JFB) (AKT)

MONA MUSTAFA,

                      Defendant *Pro Se*.
-------------------------------------------------------------------X
**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The Court has reviewed the May 23, 2016 motion by *pro se* Defendant Mona Mustafa for reconsideration of the Court's May 12, 2016 Order denying Defendant's request to video record the upcoming May 26, 2016 Order To Show Cause Hearing in this matter. DE 122.

      A motion for reconsideration brought pursuant to Rule 59 and Local Rule 6.3 "is the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling or order." *Pall Corp. v. 3M Purification Inc.*, No. 03-CV-92, 2015 WL 5009254, at *1 (E.D.N.Y. Aug. 20, 2015) (citing Local Civil Rule 6.3). "The standard for granting [a reconsideration motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012). In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear

error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (quotation marks omitted); *see also Wallace v. Brown*, 485 F. Supp. 77, 78 (S.D.N.Y. Oct. 9, 1979). Further, "[a] party seeking reconsideration may . . . no[t] "advance new facts, issues or arguments not previously presented to the Court." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (quotations and citation omitted)); *see, e.g.*, *Norton v. Town of Brookhaven*, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014); *Image Processing Techs., LLC v. Canon Inc.*, 10–CV–3867, 2012 WL 253097, at *1 (E.D.N.Y. Jan.26, 2012) ("[A] party is not permitted to 'advance new facts, issues or arguments not previously presented to the Court' on a motion for reconsideration.") (citing *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679–80 (S.D.N.Y. 2014); *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

Defendant Mustafa makes reference to and provides details of other cases (*i.e.*, CV 15-6997 pending in the United States District Court for the Northern District of Illinois; CV 09-1536, previously filed in the Eastern District of New York), none of which have any bearing on this Court's May 12, 2016 Order denying her motion to videotape the Show Cause Hearing to be conducted on May 26, 2016 – an Order for which the defendant now seeks reconsideration.

Much of the remainder of defendant Mustafa's arguments involve her disagreement and dissatisfaction with prior rulings and Orders of this Court as well as those rendered by the Hon. Joseph Bianco. The Court points out that defendant Mustafa had the opportunity to file objections to the Court's February 25, 2014 Report and Recommendation to Judge Bianco recommending (1) that NSI's motion for summary judgment be granted and (2) that defendant Mustafa's request to move for sanctions and to strike the First Amended Complaint be denied. *See* DE 53. Indeed, Ms. Mustafa did file such objections on March 17, 2014. DE 56. Judge Bianco reviewed and considered those objections and issued his Order, dated March 26, 2014, adopting the Report and Recommendations in its entirety. DE 60. Judgment was entered on September 11, 2014. DE 75. Thereafter, defendant Mustafa filed an appeal to the Second Circuit Court of Appeals as to the judgment entered by Judge Bianco. *See* DE 76. On September 22, 2015, the Second Circuit Court of Appeals affirmed the judgment of the District Court after a *de novo* review of the record and relevant law, finding that summary judgment in favor of NSI was appropriate. *See* DE 99. Consequently, the issues which Ms. Mustafa seeks to re-litigate here are improper since Ms. Mustafa had a full and fair opportunity to raise those issues in the District Court as well as before the Court of Appeals, and for the most part she did so. Any matters she did not raise are effectively waived.

The Order to Show Cause hearing set for May 26, 2016 at 10 AM Central Standard Time is restricted to a discrete issue, namely, why sanctions should not be imposed on defendant Mona Mustafa for her failure to comply with the Orders of this Court directing her to produce responses to post-judgment document requests and interrogatories served by plaintiff's counsel. Injecting items such as plaintiff's alleged filing of a false Rule 7.1 Statement and Rule 26.1

Statement are improper and are matters that could have/should have been addressed while the case was in the pre-trial stage. Defendant Mustafa has had a full opportunity to assert her defenses to this action and will not be permitted to re-litigate the case now.

As to Ms. Mustafa's contention that denying the motion to videotape the May 26, 2016 hearing violates her First Amendment rights – "because it involves what is effectively a permanent closure of an actual court proceeding" [DE 122 at 10] – such argument is equally unavailing. The cases relied upon by Ms. Mustafa to support her argument have nothing to do with videotaping a court proceeding. Here, contrary to Ms. Mustafa's assertions, the courtroom is open and accessible to anyone who wishes to attend the hearing. Moreover, a certified court reporter will be present taking down the record of the proceedings.

For the foregoing reasons, the Court finds that there has been no intervening change of controlling law, no new evidence presented that was not previously available on the original motion, and no need to correct a clear error or prevent manifest injustice. *Kolel*, 729 F.3d at 104. Likewise, notwithstanding defendant Mustafa's attempt to do so, a motion for reconsideration is not a vehicle for "relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52. Consequently, there is no basis for reconsideration here and the motion is DENIED.

Finally, Ms. Mustafa has not presented any evidence or established any basis for the claimed "conflict of interest" on the part of this Court which would warrant consideration of an application for the Court to recuse itself, as incorporated in the above motion for reconsideration. Having found no basis to do so, this Court therefore declines to recuse itself from this case.

Notwithstanding that defendant Mustafa receives electronic notification, the Court is directing Plaintiff's counsel to serve her with a copy of this Order and to file proof of such

service on ECF promptly.

**SO ORDERED.**

Dated: Central Islip, New York
      May 24, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge