1

1          UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF NEW YORK
2

3     ------------------------------X
      NSI INTERNATIONAL, INC,        :  CV-12-5528
4                                       (AKT)
               Plaintiff,
5                                    :  United States Courthouse
         -against-                      Central Islip, New York
6
      MONA MUSTAFA,
7                                    :  May 26, 2016
               Defendant.               1:30 p.m.
8     ------------------------------X

9              TRANSCRIPT OF ORDER TO SHOW CAUSE
               BEFORE THE HONORABLE A. KATHLEEN TOMLINSON
10             UNITED STATES MAGISTRATE JUDGE

11

12    APPEARANCES:

13    For the Plaintiff:      JAMIE S. FELSEN, ESQ.
                              Milman Labuda Law Group
                              3000 Marcus Avenue
14                            Lake Success, New York 11042

15

16    MONA MUSTAFA:          Defendant, Pro Se

17

18

19
      Official Court Reporter:    Paul J. Lombardi, RMR, FCRR
20    Ph. (631) 712-6106          100 Federal Plaza - Suite 1180
      Fax (631) 712-6122          Central Islip, New York 11722
21

22

23

24
               Proceedings recorded by mechanical stenography.
25                  Transcript produced by CAT.

2

1    (this is Judge Tomlinson, and this is a civil something or

2    other with the plaintiff live and the defendant live via

3    videoconference)

4                THE CLERK:  Calling civil case NSI International

5    Incorporated v Mustafa.

6                Please state your appearance for the record.

7                MR. FELSEN:  Good morning, your Honor.

8                Jamie Felsen for the plaintiff NSI

9    International, Incorporated.

10               THE COURT:  Good morning.

11               And on the videoconference.

12               MS. MUSTAFA:  Your Honor, I'm Mona Mustafa

13   representing myself pro se, and I also have a witness

14   Fareed Mustafa to be present to observe the proceeding.

15               THE COURT:  All right.  This is a relative?

16               MS. MUSTAFA:  He's my father, yes.

17               THE COURT:  Very well, then.

18               Can you hear Mr. Felsen when he was speaking?

19               MS. MUSTAFA:  Yes, I can.

20               THE COURT:  Very well, then.

21               I'll note for the record we have our court

22   reporter, Mr. Lombardi, here taking down the proceedings

23   as well.

24               Now, I do want to put some context on the record

25   here so it's clear what we are doing here this morning and

3

1   let me begin with that.

2          First of all, I had previously issued a report

3   and recommendation in this case which Judge Bianco adopted

4   in its entirety on March 26th of 2014.  On September 8th

5   of 2014, Judge Bianco denied defendant Mustafa's motion

6   for a new trial, denied the motion to proceed in forma

7   pauperis on appeal, denied the extension of the time to

8   file an appeal, and the defendant's motion for a more

9   definite statement and entered judgment here in favor of

10  the plaintiff in the amount of $80,645.

11         On September 26th of 2014, Ms. Mustafa filed a

12  notice of appeal to the Second Circuit.  On January 29th,

13  2015, the plaintiff filed a motion to compel responses to

14  its first post judgment requests for documents, and first

15  post judgment interrogatories.  That motion was filed at

16  docket entry No. 80.

17         On January 30, 2015, Judge Bianco referred that

18  motion to me in an order found at docket entry 82.  On

19  February 9th of 2015 I granted the motion in an order

20  found at docket entry 83 and I directed Ms. Mustafa to

21  produce her responses by March 2, 2015, and that if she

22  failed to comply, the court would require her to appear

23  for a hearing on why sanctions should not be imposed for

24  the failure to comply.

25         On March 2, 2015, there was a filing which is

1    found at DE 87 entitled Ms. Mustafa's, quote, response and

2    demand, close quote, a document consisting of 78 pages

3    which, first of all, demanded that certain documents be

4    scanned into ECF and be provided to the Second Circuit for

5    her appeal.  She says these exhibits were filed in hard

6    copy on April 26, 2013, as docket entry 39.

7              Secondly, she stated that she declines to

8    provide answers to A, the restraining notice and, B,

9    plaintiff's first post judgment request for production of

10   documents, as well as the plaintiff's first post judgment

11   interrogatories based on certain arguments, first of all,

12   that this was a second attempt to collect her personal

13   information.  She says she previously responded to an

14   information subpoena and restraining notice on November

15   20, 2014.  That was attached as Exhibit 2 to her papers,

16   and she says that it was falsely represented that she was

17   located in the State of New York.

18             In response to that argument and its filing in

19   response, the plaintiff says this was a second attempt for

20   post judgment demands that were valid under Federal Rule

21   of Civil Procedure 69(a)(2), in light of the fact that

22   this action is pending here in New York.

23             The second argument raised by defendant Mustafa

24   is that the Labuda and Felsen attorneys were not admitted

25   to practice law in Illinois.  According to Ms. Mustafa,

1  Mr. Felsen never responded, so the firm is holding itself

2  out as being licensed to practice in Illinois which she

3  says is not true.  So she requested an investigation of

4  the Felsen firm by the Illinois registry and disciplinary,

5  to ALJ Gertrude McCarthy of the human rights commission

6  and notes that no investigation was ongoing at that time,

7  but case numbers were assigned.

8         According to Ms. Mustafa, Labuda and Felsen

9  filed all kinds of pleadings and motions and letters in

10  Illinois without being admitted and prior to filing

11  requests for pro hac vice admission from an administrative

12  law judge who Ms. Mustafa says previously had her license

13  suspended for 60 days for misconduct.

14         The plaintiff responded to that argument that

15  Labuda and Felsen were not required to be admitted in

16  Illinois in order for Ms. Mustafa to be required to

17  respond to demands served concerning a judgment entered by

18  the Honorable Joseph Bianco here in the Eastern District

19  of New York.

20         The third argument brought up by Ms. Mustafa is

21  that the initial dismissal of her retaliation charge is

22  questionable, and that the reinstated charge should never

23  have been dismissed.

24         The fourth argument demands a full record to the

25  Second Circuit.

1           Argument five she says procedures in the

2    Illinois Human Rights Commission is following is

3    questionable.  They are not consistent with the Illinois

4    Human Rights Commission order and therefore the order is

5    void.  She says there have been multiple attempts by the

6    Illinois Human Rights Commission to prevent her from

7    timely filing her pleadings and called the integrity of

8    the files maintained at this court and that the Illinois

9    Human Rights Commission may have been compromised, close

10   quote.  She has filed she says tampering complaints with

11   the United States Postal Service.

12           The response from the plaintiffs also is that

13   judgment has not been stayed, notwithstanding the Second

14   Circuit appeal, and, therefore, Ms. Mustafa is required to

15   respond.  She further argues that Donnie L. Gray, the

16   general counsel of the Illinois Human Rights Commission,

17   may have been blind carbon copying Joseph Labuda on

18   e-mails referencing Ms. Mustafa's first attempt to file a

19   petition or rehearing en banc before the Illinois Human

20   Rights Commission.

21           Her sixth argument is that the Fourth Amendment

22   of the United States Constitution permits her to refuse to

23   answer.  She says she has a right to be individually

24   secured against any unreasonable search and seizure.  She

25   believes that criminal activity may have occurred, and

1  therefore she refuses to answer until such time as the

2  Second Circuit renders a determination on her appeal under

3  docket 14-3706.

4          Plaintiff responds to that argument by stating

5  that this is a civil action and Ms. Mustafa does not

6  identify any criminal conduct and criminal activity does

7  not preclude her or give her the right not to answer these

8  demands.

9          On page eight of her submission I quote

10  Ms. Mustafa states that, to compel performance on a

11  potentially void order and judgment would be construed by

12  her as continuing harassment on a second retaliatory

13  lawsuit, close quote.  She states further that she is not

14  refusing to respond, but she refuses to answer, and she

15  states as well that she has fully complied with my orders

16  in this regard.

17          On March 3rd, 2015, NSI filed a motion to compel

18  and for sanctions in particular, that's found at document

19  entry 85, responding to the submission of Ms. Mustafa.

20  Plaintiff's counsel states that Ms. Mustafa appears to be

21  refusing to comply with the restraining notice and NSI

22  seeks an order requiring her to appear in person for a

23  hearing or issue sanctions against her, first of all, for

24  her failure to comply with the court's February 9, 2016

25  order, second, her refusal to respond to NSI's first post

8

1   judgment request for documents and post judgment first

2   request for interrogatories based on frivolous grounds,

3   third, the possible failure to comply with a restraining

4   notice issued to her by NSI.

5          At DE 88, docket entry 88, Ms. Mustafa filed a

6   document quoted second attempt filed 3/9/15, which is a

7   document the same in all respects as what she filed in DE

8   87.  It reiterates to Judge Bianco that she wants missing

9   prior exhibits posted to ECF.

10         On 3/19/15, the plaintiffs filed a motion to

11  Judge Bianco for an injunction against further litigation

12  by the defendant, that's at DE 89.  On May 6th of 2015,

13  Judge Bianco denied the permanent injunction motion.

14  That's found at docket entry 92.

15         On August 17th of 2015, the plaintiff's second

16  motion for sanctions to preclude Ms. Mustafa from filing

17  frivolous lawsuits without the court's authority was filed

18  with Judge Bianco.  That's found at docket entry 93.

19  According to plaintiff's counsel, Ms. Mustafa filed a new

20  charge in EEOC against NSI on and this is in Illinois on

21  March 9th of 2015.

22         On August 25th of 2015, Judge Bianco again

23  denied the motion for a litigation injunction, that's

24  found as docket entry 95, also stating that the new

25  lawsuit was pending in another jurisdiction.

1          On September 8th of 2015, NSI filed a second

2    motion for attorneys fees, which is found at docket entry

3    96.  That was filed with Judge Bianco seeking attorneys

4    fees incurred which led to defendant Mustafa's appeal to

5    the Second Circuit and attempting to enforce the judgment,

6    they wanted the fees for that purpose as well.

7          On September 22, 2015, the Second Circuit issued

8    its mandate adopting and affirming the judgment of a

9    district court, in which Judge Bianco had adopted the

10   report and recommendation of this court.

11          On March 28th of 2016 I grant in part and denied

12   in part DE 85 which has been referred to as the motion to

13   compel.  My decision is found at docket entry 100 and I

14   point out several things from that order.

15          First of all, I found that the defendant,

16   Ms. Mustafa, had not provided valid reasons for her

17   refusal to respond to the plaintiff's discovery requests.

18   Primarily, Ms. Mustafa's objection to responding was based

19   on the fact that plaintiff's counsel is not admitted to

20   practice in the State of Illinois and I found that that

21   argument was irrelevant.  In fact, I note that in her own

22   papers, defendant Mustafa included at Exhibit 3 two

23   letters from a senior counsel at the attorney registration

24   and disciplinary commission of the Supreme Court of

25   Illinois.

1           The first letter, which is dated January 11th of

2    2013, states the following, quote, Ms. Mustafa, we have

3    received your recent requests for investigations of Joseph

4    Labuda, Jamie Felsen and Gertrude McCarthy.  The duties of

5    this commission relate primarily to investigating and

6    prosecuting alleged violations of the Illinois rules of

7    professional conduct by attorneys who practice law in this

8    state.

9           We do not interpret or enforce criminal statutes

10   or federal civil laws and do not review decisions by

11   judges and ALJs who may also happen to be Illinois

12   lawyers.  This commission cannot make determinations

13   regarding the truth or merit to the claims advanced in

14   your case by Messrs. Labuda and Felsen or regarding the

15   correctness of ALJ McCarthy's rulings in the case.  We

16   have reviewed your submissions and have determined they do

17   not provide sufficient factual information indicating

18   possible acts of professional misconduct by Mr. Labuda,

19   Mr. Felsen, or Ms. McCarthy to justify any investigation

20   or other action by this agency.

21           Very truly yours, Althea K. Walsh, Senior

22   Counsel.

23           The second letter is dated approximately ten

24   days later, January 22, 2015, and it says the following:

25           Dear Ms. Mustafa,

1       We have received your recent communication

2   regarding the above matters.  The current Illinois Supreme

3   Court Rule 707 is effective for appearances for

4   proceedings on or after July 1, 2013.  The amended rule

5   does not require any action by out-of-state attorneys who

6   obtained permission to appear in Illinois proceedings

7   prior to July 1, 2013.  As you know, neither Joseph Labuda

8   nor Jamie Felsen is admitted to practice law in the state

9   of Illinois.

10      So there are no findings in Illinois with regard

11  to the Milman firm, lawyers from that firm and, in any

12  event, as I have indicated in my March 28th order, that

13  information is fully irrelevant with regard to the matter

14  pending in this jurisdiction and rulings and orders issued

15  by both Judge Bianco and myself.  The discovery request at

16  issue here concerns this particular litigation, which is

17  pending in the Eastern District of New York where the

18  plaintiff's attorneys are admitted.

19      I stated in my March 28th, 2016 order that the

20  defendant's disagreement with certain issues which go to

21  the merits of the underlying action, does not provide a

22  proper basis for Ms. Mustafa's refusal to respond to post

23  judgment discovery requests.  I also pointed out that

24  Judge Bianco's decision granting summary judgment to the

25  plaintiff was affirmed by the United States Court of

12

1    Appeals for the Second Circuit on September 22, 2015.

2    Therefore, to the extent the defendant has refused to

3    respond because the Second Circuit's decision was still

4    pending, that objection is now moot.

5              As to the relief sought by plaintiff's counsel,

6    I addressed that issue in two parts.

7              First, I found that there was no reasonable

8    basis for the defendant to continue to delay responding to

9    the plaintiff's discovery requests and that the court

10   would not tolerate further delay.  I ordered the

11   defendants for the final time to respond to plaintiff's

12   post judgment document requests and interrogatories

13   previously served on her on December 16, 2014.

14             However, I limited several of the plaintiff's

15   demands.  Specifically, defendant ordered, was not

16   required to respond to document request No. 14, or to

17   interrogatory No.s 8, 9, 11 and 13.  However, I directed

18   Ms. Mustafa to respond to the remaining document requests

19   and interrogatories no later than April 28th of 2016, and

20   in part two of responding to the motion I issued an order

21   to show cause directing that Ms. Mustafa appear in person

22   before this court at the Alphonse D'Amatto Courthouse in

23   Central Islip or I gave her the alternative option of

24   appearing here by videoconference from the Northern

25   District in Illinois, and directed that Ms. Mustafa show

1   cause why sanctions should not be imposed on her for her

2   failure to comply with the orders of this court.

3          I encouraged Ms. Mustafa to consult with an

4   attorney regarding the order to show cause and its

5   consequences and placed her on notice that failure to

6   comply with the order may result in her being found in

7   contempt of court and subject to further action by the

8   court.

9          As to the restraining notice request by the

10  plaintiff, I set forth the reasons why the court declined

11  to take further action unless and until it received more

12  information from the plaintiff.

13         Thereafter, on April 8th, 2016, in docket entry

14  102, Judge Bianco referred DE 96, which is NSI's second

15  motion for attorneys fees to this court, for an R&R.  That

16  had been filed on March 3, 2015, once again, for issues

17  associated with the Second Circuit appeal and the prior

18  expenses incurred in trying to enforce the judgment.

19         On April 18th of 2016, I issued an order DE 103,

20  regarding the plaintiff's submissions 96 and 97, directing

21  plaintiff's counsel to incorporate those arguments into

22  one motion instead of by reference to a previous motion

23  and to resubmit the materials by May 6th.

24         On April 19th, 2016, plaintiff's counsel,

25  Mr. Felsen, resubmitted the comprehensive motion with a

14

1    declaration and memorandum of law.  Those are found at DE

2    105, 106 and 107.  Those were filed the next day on April

3    19th, and also the firm filed an affidavit of service for

4    those papers on defendant Mustafa by first class mail.

5    That affidavit of service is found at docket entry 108.

6         On April 19th, 2016, defendant Mustafa filed a

7    motion seeking to adjourn the date of the order to show

8    cause hearing because of her exam schedule at Northern

9    Illinois University College of Law, and also to permit her

10   to appear at the order to show cause hearing by

11   videoconference because travel to New York, she stated,

12   would pose an undue burden on her as a single mother.  I

13   granted that motion and directed the plaintiff to provide

14   available dates in late May for the adjourned hearing.  On

15   April 29th, 2016, after receiving further submissions, I

16   set today, May 26th, as the new date for the hearing, and

17   issued an amended order to show cause found at docket

18   entry 113.

19        On May 2nd, 2016, defendant Mustafa filed a

20   response to the amended order to show cause with various

21   attachments, that's found at DE 115.  Several days later,

22   on May 6th of 2016, defendant Mustafa filed a, quote,

23   corrected response to the amended order to show cause,

24   close quote, with attachments, that is found at DE 116.

25   She stated that she was correcting a clerical error and

1    said that original answer inadvertently omitted pages five

2    through seven of Exhibit B.

3           As to why she should not be held in contempt,

4    her first argument is that NSI International has disclosed

5    it is a wholly owned subsidiary of Powerview Investments

6    Limited, and says that this information contradicts

7    Federal Rule of Civil Procedure 7.1, in the disclosure

8    statement requirements as well as appellate Rule 26.1.

9    She claims that the lawyers filed a false disclosure

10   statement.

11          She also claims she filed a letter to the

12   Second Circuit notifying them of this information and she

13   further claims that because of this information, the court

14   lacks personal jurisdiction over the parties here and

15   deprives judges here from an opportunity to make informed

16   decisions regarding their recusal and disqualification.

17          Her second argument is that no oral argument

18   agreement existed between her and NSI International on

19   January 27th, 2009, that the settlement agreement issues

20   already litigated here in the district court at the Second

21   Circuit, I pointed this fact out, are not going to be

22   litigated a second time here.

23          Her third argument is that NSI and the Milman

24   Labuda law group have undermined the integrity of public

25   confidence in the judiciary and are not fit to practice

1    law in any state.  Judge Bianco has already ruled on

2    defendant's argument that the question of whether the

3    Milman Labuda attorneys are admitted to practice in

4    Illinois is irrelevant as to the findings and decisions

5    rendered in this proceeding in the Eastern District of

6    New York and the Second Circuit.

7            Therefore, defendant does not get a second bite

8    at the apple here to relitigate this issue.  Ms. Mustafa

9    also attached to that submission a copy of the new appeal

10   to the Second Circuit dated April 28th of 2016.

11           On May 10th of 2016, defendant Mustafa filed a

12   docket entry 117, a motion seeking permission to video

13   record the proceedings of this order to show cause

14   hearing.  On May 12th, 2016, I denied the motion to

15   videotape the proceedings and that order is found at

16   docket entry 118.

17           On May 23rd of 2016, plaintiff's counsel filed a

18   letter found at docket entry 120, asserting that defendant

19   Mustafa once again failed to comply with this court's

20   orders and instead provided only reasons why she has not

21   complied and continues to refuse to comply,

22   notwithstanding the Second Circuit's denial of her appeal

23   and affirmance of Judge Bianco's summary judgment

24   decision.

25           Specifically, plaintiff's counsel requests that

1   in addition to the issuance of financial sanctions, that

2   criminal sanctions be issued and that the court refer

3   defendant Mustafa to the Illinois attorney registration

4   and disciplinary committee, although she is not yet an

5   admitted attorney, in the event she applies for admission

6   at a future date.

7           On May 23rd, 2016, the court received a motion

8   for reconsideration from defendant Mustafa dated May 19,

9   2016 as to the video recording of today's proceedings.

10  That motion is found at docket entry 122.  On May 24th of

11  2016 this court issued an order denying the motion for

12  reconsideration holding, among other things, that, first

13  of all, defendant Mustafa did not meet the requirements

14  under Rule 59 and local civil rule 6.3 on a motion for

15  reconsideration.

16          No. 2, the other proceedings in which defendant

17  Mustafa refers have no bearing on this court's May 12th

18  order denying the motion to videotape this show cause

19  hearing.

20          Three, the bulk of defendant's arguments involve

21  her disagreement and dissatisfaction with prior rulings

22  and orders of this as well -- this court as well as those

23  rendered by the Honorable Joseph Bianco.  Consequently,

24  the issues which Ms. Mustafa seeks to relitigate here are

25  improper since she had a full opportunity to raise those

1    issues in the district court as well as in the Second

2    Circuit Court of Appeals, and for the most part she did

3    so.  Any matters that were not raised are deemed

4    effectively waived.

5            Four, there is only a restricted discrete issue

6    on this hearing today, namely whether sanctions should be

7    imposed on defendant Mustafa for her failure to comply

8    with the orders of this court directing her to produce

9    responses to post judgment document requests and

10   interrogatories served by the plaintiff.

11           Contrary to Ms. Mustafa's position, No. 5, there

12   is no violation of her First Amendment rights here, since

13   the court proceeding is open, the courtroom is open, and

14   the court reporter is here taking down a record of today's

15   proceedings.

16           No. 6, as noted in the May 24th, 2016 order,

17   there has been no intervening change of controlling law,

18   no new evidence presented that was not previously

19   available on the original motion, and no need to correct a

20   clear error or prevent manifest injustice.  Likewise, a

21   motion for reconsideration is not a vehicle for

22   relitigating old issues presenting a case under new

23   theories, or directing a rehearing on the merits or

24   otherwise taking a second bite at the apple.

25   Consequently, the motion for reconsideration of the denial

1    of plaintiff's motion to video today's proceedings was

2    denied.

3              As I have stated, the purpose of today's hearing

4    is on the defendant's failure to respond specifically to

5    the interrogatory and documents requests as previously

6    modified by this court and the court will hear from

7    defendant Mustafa only as to any further statements or

8    testimony she wishes to place in the record, which goes

9    directly and specifically to her failure to comply with

10   this court's orders, to provide the information as

11   directed.  The court intends to swear in both Ms. Mustafa

12   and, in turn, whoever intends to speak on behalf of the

13   plaintiff.

14             I'm now going to ask Courtroom Deputy Ryan to

15   administer the oath to Ms. Mustafa.

16             THE CLERK:  Please stand and raise your right

17   hand.

18             (Defendant sworn.)

19             THE COURT:  Ms. Mustafa, is there any other

20   information that you wish to put in the record today that

21   once again goes specifically to your failure to respond to

22   the interrogatories and document requests that were

23   previously modified by me and I'll give you that

24   opportunity now?

25             MS. MUSTAFA:  Your Honor, I have prepared a

1    statement and it all is related to today's proceeding.

2           Before I start I would like Mr. Felsen to be

3    sworn in as well.

4           THE COURT:  He's going to speak and I'll swear

5    him in before he does.

6           MS. MUSTAFA:  Okay.  You will swear him in?

7           THE COURT:  Yes.

8           MS. MUSTAFA:  Okay.

9           May it please the court, I hereby raise the

10   following objections and preserve the issues for appeal to

11   the US Court of Appeals to the Second Circuit, the issues

12   I intend to preserve are, No. 1, I should not be held in

13   contempt of court because I fully and timely responded as

14   per the court's requirement to the plaintiff's post

15   judgment discovery demands as required under the Federal

16   Rules of Civil Procedure and the US Constitution,

17   Article -- Amendment Four under search and seizure.

18          The judgment is void.  I fully complied with the

19   court's direction to respond, Black's Law Dictionary

20   defines response as a full and complete answer and I did

21   provide that timely as required by the court.  Therefore,

22   I should not be found in contempt.

23          The second issue I want to preserve for appeal

24   to the Second Circuit is the judgment entered in this case

25   is void.  A void judgment is one rendered by a court that

1    lacks jurisdiction and is a complete nullity.

2    Constitutional rights may not be waived.

3           The third issue I would like to preserve for

4    appeal in the Second Circuit Court of Appeals is that the

5    court rendered a judgment where it lacked jurisdiction

6    over the parties and conducted proceedings with knowledge

7    it was violating the due process rights and failed to

8    conduct proceedings in compliance with the Federal Rules

9    of Civil Procedure, specifically Rule 17, NSI

10   International with no parent company is not a real party

11   in interest.  It is a fictitious plaintiff.  Rule 26, when

12   Jamie Felsen filed the corporate disclosure statement by

13   Rule 7.1 of the Federal Rules of Civil Procedure at the

14   commencement of this case he knew it was false, and as a

15   result I was never properly served notice by a real party

16   of interest according to Federal Rule of Civil Procedure

17   Rule 4.

18           Now, the corporate disclosure statement that was

19   initiated on -- at the commencement of this case is false

20   and I have previously submitted to this court numerous

21   times its falsity and the court continues to ignore it.

22           The relevance of a Rule 7.1 corporate disclosure

23   statement is so that judges and magistrate judges can make

24   a valid decision of recusal or disqualification in a case

25   and by failing to know the corporate parent existed at the

22

1  commencement of the case, Judge Bianco, Honorable

2  Judge Bianco and Honorable Magistrate Judge Tomlinson were

3  never able to make a valid decision of recusal and this

4  case has proceeded since 2009 or 2012 since -- without

5  jurisdiction.

6          I repeatedly brought this to the court's

7  attention.  Mr. Felsen has admitted that Powerview

8  Investment Limited is the sole -- or is a -- NSI

9  International is a subsidiary of Powerview Investment

10  Limited and 156697 before the Northern District of

11  Illinois and so, therefore, that evidence that he has

12  filed conflicting and contrary statements of corporate

13  ownership that if NSI has a parent company that it

14  admitted, then Mr. Felsen filed a false statement on the

15  Eastern District of New York.

16          There is also case law in Jaffey and Ashra

17  versus Brunt in the US District Court in the

18  Southern District of New York, they held there is no

19  statute of limitations or repose runs on the judgment

20  where the court lacks either subject matter jurisdiction

21  or personal jurisdiction or where otherwise entered in

22  violation of due process of law and the judgment must be

23  set aside.

24          With regards to my answer it is completely

25  sufficient.  At document -- in my answer I included the

1    United States District Court Northern District of Illinois

2    pleading by Jamie Felsen where he said to the extent

3    required to be disclosed NSI International is a subsidiary

4    of Powerview Investment Limited which is not publicly

5    owned.  If you look at my appellate brief in 143706 I

6    wrote, quote, NSI corporate disclosure statement, pursuant

7    to Rule 26.1 of the federal rules of appellate procedure,

8    undersigned counsel of record for appeal Lee, NSI

9    International Inc. states there are no parent corporations

10   or any publicly held corporation which owned 10 percent or

11   more of its stock, NSI stock.

12          I wrote how does NSI counsel know this?  This is

13   contradictory to evidence in the record.  Mustafa directs

14   the court's attention to 12552-3218 in its entirety.  The

15   document references the work from the New York Supreme

16   Court which states the submissions reflect that NSI is

17   owned almost all by Powerview a British Virgin Isles power

18   company who's owners are -- at a minimum joint and several

19   liability should attach to all conspirators named in 3218.

20          Now, Mr. Felsen filed at the commencement of

21   this case a Federal Rule of Civil Procedure Rule 7.1

22   statement that indicated none where he was supposed to

23   identify any corporate parent.  In 125528, I challenged

24   the corporate ownership as required to be reported.  On

25   May 6th of 2016, I believe it's my Exhibit 2, I filed the

24

1    actual statement from the federal court in Northern

2    District of Illinois, and I'm quoting Mr. Felsen who said,

3    to the extent required to be disclosed, NSI International

4    is a subsidiary of Powerview Investment Limited which is

5    now publicly owned.

6           So we have contradictory statements made in

7    federal court and Federal Rule 26.1 statement made before

8    the Second Circuit Court of Appeals, Mr. Felsen said there

9    is no parent company.  There was no parent corporation or

10   any corporation that owns 10 percent or more of its stock.

11          So my request to the court today is to have

12   Mr. Felsen under oath swear to which statement is correct,

13   and based upon the latest statement which was made in the

14   Northern District of Illinois, Mr. Felsen has filed a

15   false statement of corporate disclosure statement

16   knowingly before the United States District Court,

17   Eastern District of New York and before the Second Circuit

18   Court of Appeals in 143706.

19          With that being said, regardless of the

20   objections to the jurisdiction of this court that I intend

21   to raise before the Second Circuit Court of Appeals, I

22   also would like to point out that the filing of the

23   corporate disclosure statement is Rule 7.1, but it's also

24   covered under the duties disclosed under Federal Rule of

25   Civil Procedure Rule 26, and Mr. Felsen and NSI

1    International never disclosed that NSI International had a

2    parent company from the commencement of this case until

3    recently in the Northern District of Illinois.  So they

4    are operating by filing a false statement of material

5    fact.

6              With regards to criminal conduct that this court

7    has ignored, I believe it's document 85 where I submitted

8    a screen shot of evidence where chief legal counsel for

9    the Illinois Human Rights Commission Donnell Grey was

10   blind carbon copying Joe Labuda of Milman Labuda Law Group

11   on confidential -- allegedly confidential communications

12   and I have -- I'm complaining of due process violations

13   where the court's report and recommendation manufactures

14   an oral settlement agreement that never existed, and if

15   the settlement agreement is to be enforced, no statement

16   of the existence of an oral settlement agreement would

17   bear any rational relationship to enforcement of a

18   settlement agreement where both sides in that agreement

19   did not admit or deny the existence of the oral settlement

20   agreement.

21             Now, I recently submitted to the court multiple

22   times notice of the false corporate disclosure statements,

23   and as a result Honorable Magistrate Judge Tomlinson and

24   Honorable Joseph F. Bianco have not made a valid decision

25   of recusal or disqualification and the recent information

26

1    that I did submit to the court in my request to videotape

2    the proceedings contained -- is unsubstantiated at this

3    moment, but it leads me to believe that NSI International,

4    whose parent company is Powerview Investment Limited,

5    which is a British Virgin Island offshore company, may

6    have been -- may have -- I'm going to say compensated the

7    court in order to violate the Federal Rules of Civil

8    Procedure and finding against Mustafa.

9            Further, the Second Circuit Court of Appeals

10   summary order states specifically that the court -- each

11   side was to bear its own costs.  However, Mr. Felsen

12   submitted and was to proceed by order of this court in the

13   Eastern of New York, Mr. Felsen received court costs when

14   the Second Circuit order specifically said that each side

15   would bear its own costs.

16           Now, I have answered and I have responded in

17   full compliance with the court's order to respond.  Beyond

18   that, I don't see how court could find me in contempt of

19   an order where the entire proceedings and the judgment

20   that have been entered are void and I'd like to preserve

21   all of these issues for the Second Circuit Court of

22   Appeals because I intend, regardless of the ruling of the

23   court today, I do intend to file an appeal on this issue

24   alone.

25           And basically that's all I have to say.

27

1          THE COURT:  All right.

2          First of all --

3          MS. MUSTAFA:  Oh, wait.

4          Magistrate Judge, your Honor, I request

5    specifically that this court swear in Mr. Felsen and ask

6    him to make a corporate disclosure statement to the court

7    on the record on behalf of NSI International.

8          THE COURT:  I have already indicated that I was

9    swearing in both sides for the purposes of this hearing

10   and I will swear in Mr. Felsen momentarily.

11         However, before I do so I do want to note for

12   the record that I heard your statement, Ms. Mustafa, and

13   with one or two perhaps edifications nothing I have heard

14   this morning is not something that hasn't already been

15   stated in the papers you submitted to the court.  So I

16   have those.

17         The one thing I do want to ask --

18         MS. MUSTAFA:  Thank you.

19         THE COURT:  I do want to ask you very

20   specifically however is, since I indicated previously that

21   those responses essentially are what you filed is really

22   not the focus of this hearing today, and concern arguments

23   that have been made in the past or could have been made in

24   the past with respect to the underlying litigation in this

25   matter that took place before the district court, as well

28

1    as what you presented to the Second Circuit on your

2    appeal, frankly doesn't impact what we are here today to

3    address, which is specifically I'll ask you now on the

4    record.

5            Will you agree to comply in the next 21 days

6    with my prior directives to respond completely and

7    specifically to the individual document requests and

8    interrogatories which I had approved as modified?

9            MS. MUSTAFA:  Your Honor, with all due respect,

10   I am reserving my rights under the Fifth and

11   14th Amendment of the Constitution and of the Fourth

12   Amendment against unreasonable search and seizure and I

13   will happily respond to the interrogatories once

14   Mr. Felsen proves to this court that NSI International

15   with no parent company is an actual plaintiff that exists

16   versus NSI International with a parent company Powerview

17   Investment Limited, which is what he asserted in the

18   Northern District of Illinois.

19           Now, with all due respect, your Honor, I intend

20   to fully comply with your orders and I always will.

21   However, I have to stand firm in defense of my

22   constitutional rights to due process and, frankly, these

23   proceedings are not -- have not been conducted in

24   compliance with the Federal Rules of Civil Procedure.  I

25   have not been served, and so once Mr. Felsen clears up the

1    inconsistency in the corporate disclosure statements, I

2    will be more than happy to respond and fully disclose all

3    of my financial and personal information.

4              THE COURT:  Well, you just made reference to not

5    being served; not being served with what?

6              I don't understand.

7              MS. MUSTAFA:  A plaintiff NSI International with

8    no parent company does not exist and reported by

9    Mr. Felsen at the commencement of this case November of

10   2012, a plaintiff that does exist -- does not exist cannot

11   serve process because it is not a real party interest as

12   defined by Federal Rule of Civil Procedure Rule 17.

13             THE COURT:  All right.

14             Did you bring this up --

15             MS. MUSTAFA:  Failure to disclose pursuant to

16   the duty to disclose and defined by Federal Rule of Civil

17   Procedure Rule 26 renders this -- the judgment void, and I

18   have to have proof of their validity so that the invasion

19   of my privacy is not compromised.

20             I think you know that the invasion of my privacy

21   that will incur because I have to answer these questions

22   specifically is not compromised by a void judgment of the

23   court.

24             THE COURT:  Let me ask you --

25             MS. MUSTAFA:  And I will happily respond and I

1    will be specific.

2           I am trying to comply, but, at the same time,

3    I'm not going to sit idly by and watch my constitutional

4    rights and guarantees be trampled by Mr. Felsen and NSI

5    International.

6           THE COURT:  Several questions.

7           One is, did you raise the 7.1 disclosure

8    argument with Judge Bianco during the course of the

9    underlying litigation up to the point of the summary

10   judgment process?

11          MS. MUSTAFA:  I did.

12          THE COURT:  And did you raise it again in the

13   Second Circuit?

14          MS. MUSTAFA:  Pardon?

15          THE COURT:  Did you raise it again in the Second

16   Circuit in your initial appeal?

17          MS. MUSTAFA:  I did raise the issue -- I have it

18   right here in my reply brief, I did raise it in my reply

19   brief and, frankly, where I did not have the information

20   to prove it was false I did raise it before the district

21   court 125528, doc 3218, and I also raised it in the -- I

22   don't have it in front of me, I believe it was doc 38 or

23   39 where the Exhibits A through P are hard copied in the

24   file.

25          I believe that the New York Supreme Court order

1  that discloses that NSI International is, in fact, a

2  wholly owned subsidiary of Powerview Investments Limited

3  is in 32 -- I believe it's Exhibit C in the Exhibit A

4  through P, and I have repeatedly demanded that those

5  exhibits be scanned into the system and made public, but

6  that has not occurred either.

7       THE COURT:  Looking to the Second Circuit

8  decision, the order, the last paragraph deals with the

9  circuit's finding that the remaining issues raised by you

10  on the appeal were found to be without merit.

11       Now, you have also brought up today the fact

12  that you are asserting your Fifth Amendment right.  I want

13  to make sure I understand what you are saying here.  The

14  Fifth Amendment right would go to the question of not

15  incriminating yourself.  Is that what you are raising?

16       MS. MUSTAFA:  Mr. Felsen has asked for criminal

17  sanctions.

18       I believe this is a civil trial and criminal

19  sanctions are not appropriate, and I have not failed to

20  answer any question this court is asking me.  So I'm

21  not -- I only said the Fifth Amendment because Mr. Felsen

22  is asking for criminal sanctions.

23       THE COURT:  All right.

24       I wanted to clarify that because this is a civil

25  proceeding.

1          MS. MUSTAFA:  But regardless, I am asserting my

2    right to due process under the Federal Rules of Civil

3    Procedure and the 14th Amendment and I am asserting that

4    the proceedings were not conducted in compliance with the

5    Federal Rule of Civil Procedure which resulted in a due

6    process violation of my constitutional rights and

7    specifically under the 14th Amendment.

8          And I believe that Mr. Felsen can clear this up

9    by swearing under oath that there is the corporate

10   ownership of NSI International.  What he filed in the

11   Northern District of Illinois contradicts what he filed

12   before the Eastern District of New York, and also NSI, I

13   provided to the court, NSI filed a contradictory statement

14   to -- in the Northern District of Ohio as well.

15         So here we have a separate law firm filing a

16   corporate disclosure statement in Ohio that discloses that

17   NSI International is a wholly owned subsidiary Power

18   Investment, that law firm has no relationship to these

19   proceedings but that's what they disclosed, the New York

20   Supreme Court disclosed NSI International is a wholly

21   owned subsidiary of Powerview Investment, and that is

22   contained at 125528 doc 3218 and most recently Mr. Felsen

23   filed NSI International is a subsidiary of Powerview

24   Investment Limited before the Northern District of

25   Illinois.

 1         However, Mr. Felsen also filed before this court

 2    at the commencement of this case a Rule 7.1 statement,

 3    corporate disclosure statement that says none where he's

 4    required to disclose corporate ownership.  Any parent and

 5    Powerview Investment Limited is the parent company of NSI

 6    International, which is also consistent with what I was

 7    informed of when I was employed by NSI.

 8         Further, he repeats his false filing before the

 9    Second Circuit Court of Appeals, Rule 26.1.  He wrote

10    there is no parent company which directly contradicts the

11    requirement of Rule 7.1, Rule 26.1, and also the federal

12    rules of -- the duty of discovery as required by Federal

13    Rules of Civil Procedure 26.  Now, his failure to disclose

14    renders the plaintiff in this case fictional, and

15    fictitious plaintiffs may not lack capacity and standing

16    to sue or to be sued and standing wise I can cite to Jan v

17    The Company of Wildlife, Supreme Court, and they did not

18    bring a case with me that identifies capacity, but

19    standing, you must have standing at the commencement of a

20    case and clearly here, Mr. Felsen by his false --

21    corporate disclosure statement did not have standing at

22    the commencement of this case.

23         So to hold me in contempt of court for a case

24    that where the plaintiff never had standing and the court

25    never had jurisdiction is, frankly, absurd.

1          THE COURT:  All right.  Your arguments are noted

2     for the record.  All right.

3          As I indicated earlier, at the outset today, we

4     are going to swear in both sides here.  So, Mr. Felsen, I

5     assume you are going to speak on behalf of plaintiff?

6          MR. FELSEN:  Yes, your Honor.

7          THE COURT:  I'm going to ask you to stand and

8     raise your right hand as Deputy Ryan administers the oath.

9          (Attorney sworn.)

10         THE COURT:  Mr. Felsen, this is your opportunity

11    to present your argument.

12         MR. FELSEN:  Your Honor, most of what

13    Ms. Mustafa has stated already has been rejected by this

14    court and by the Second Circuit.

15         Ms. Mustafa recently filed a letter with the

16    Second Circuit which I referenced in my May 23rd, 2016

17    letter, with respect to this issue concerning the

18    corporate disclosure statement.  The Second Circuit

19    rejected her papers because it no longer has jurisdiction.

20    In addition, Ms. Mustafa failed to file a writ of cert to

21    the U.S. Supreme Court following the Second Circuit's

22    affirming this court's motion for summary judgment filed

23    by the plaintiff.  She simply has no appeal rights left.

24         The Second Circuit ruled that this court had

25    jurisdiction --

1           THE COURT:  Can you hear us, Ms. Mustafa?

2           MS. MUSTAFA:  I can hear you, can you hear me?

3           THE COURT:  Yes.

4           MS. MUSTAFA:  I don't know what happened.

5           THE COURT:  We can hear you.

6           MS. MUSTAFA:  Okay.

7           THE COURT:  You may continue, Mr. Felsen.

8           MR. FELSEN:  The Second Circuit rejected

9    Ms. Mustafa's arguments concerning jurisdiction and

10   concerning the fact that the judgment entered by

11   Judge Bianco was void.  She's just trying to relitigate

12   all of these issues that have been litigated for the last

13   seven years.  At some point enough is enough with respect

14   to all of these motions and all litigation commenced by

15   Ms. Mustafa.

16           In addition to her violating your Honor's orders

17   with respect to producing discovery responses, she's also

18   in violation of the Illinois, Northern District of

19   Illinois's orders, specifically she filed a motion last

20   night for judgment on the pleadings, despite the district

21   court judge, Judge Tharp's directive to her to not file

22   any more motions unless they were emergencies, while a

23   motion to dismiss that was filed by my firm and NSI and

24   also a motion for sanctions against Ms. Mustafa were

25   heard.

1        She, nonetheless, filed this motion.  She calls

2   it an emergency motion.  I'm pretty confident the court is

3   going to find that it was not an emergency motion, but

4   this is an example of her continuous refusal to comply

5   with court orders.

6        We do have a motion pending as part of our

7   motion for sanctions in the Northern District of Illinois

8   for a litigation injunction.  Ms. Mustafa's interfering

9   with NSI's right to continue its business and operate its

10  business.  She's interfering with my firm's obligation to

11  represent its clients and I have spent too much time

12  dealing with this and I would ask -- I would renew my

13  motion with this court to require Ms. Mustafa to get

14  permission before filing any motions in any court before

15  proceeding.  This is just -- enough is enough already.  We

16  have had it with Ms. Mustafa's frivolous filings.

17       With respect to -- I'll address very briefly the

18  corporate disclosure issue, although I don't believe it

19  has any bearing whatsoever on the order to show cause that

20  we are here for today.  Ms. Mustafa's conveniently

21  raising -- trying to sidestep the issues that are

22  primarily dealing with her and trying to turn things over

23  and trying to raise issues that aren't related to her.

24       The corporate disclosure statement, under Rule

25  7.1, and there is a template that is provided by the

1   Southern District of New York, it requires that corporate

2   parents, affiliates or subsidiaries of a party only have

3   to be disclosed if they are publicly held.  NSI, as I have

4   stated in my corporate disclosure statement in the

5   Northern District of Illinois, NSI is a subsidiary of

6   another company, but that company is not publicly held.

7   So Ms. Mustafa's claim simply has no merit.  It's not

8   related whatsoever to the reason why we are here today,

9   and Ms. Mustafa has not presented any reason why sanctions

10  should not be issued with respect to her failure to comply

11  with numerous orders of this court to produce documents.

12          We have been waiting for a year and a half to

13  try to enforce this judgment, and she's preventing us from

14  doing so.  She simply doesn't want us to be able to get

15  the money that we are entitled to.

16          And that's all I have to say, your Honor, on

17  this issue.  Thank you.

18          THE COURT:  All right.

19          MS. MUSTAFA:  Your Honor, may I respond?

20          THE COURT:  Briefly, yes.

21          MS. MUSTAFA:  First of all, I didn't file a

22  motion for judgment of pleadings.  I filed a motion for

23  leave to file based on the contradictory -- based on the

24  contradictory corporate disclosure statements.  Mr. Felsen

25  failed to file an appearance pursuant to local rule 8316,

1    and also eight of the ten defendants in which Powerview

2    Investment Limited is one of the named defendants failed

3    to respond within 21 days pursuant to Rule 4 of the

4    Federal Rules of Civil Procedure.

5              Further, Mr. Felsen actually butchers the

6    Federal Rules of Civil Procedure.  I do have the Federal

7    Rules of Civil Procedure Rule 7.1 disclosure statement

8    word for word here and I'd like to read it into the

9    record:

10             A, who must file contents a non-governmental

11   corporate party must file two copies of a disclosure

12   statement that, one, identifies any parent corporation and

13   any publicly held corporation owning 10 percent or more of

14   its stock.

15             So Mr. Felsen's allegations that it's only

16   required of publicly held corporations is unfounded.  It

17   is not a valid argument.

18             No. 2, they said there is no such corporation.

19   In the Northern District of Illinois, New York Supreme

20   Court and the Northern District of Ohio, NSI International

21   identified Powerview Investments Limited as the parent

22   corporation.  So Rule 7.1, identify any parent

23   corporation.  Okay, or, two, state that there is no such

24   corporation.

25             So 7.1, Mr. Felsen's filings before the

39

1   Eastern District of New York and the Second Circuit Court

2   of Appeals states that there is no such corporation.  The

3   New York Supreme Court, the Ohio District Court and the

4   Northern District of Illinois is where Mr. Felsen

5   specifically states that any parent corporation is

6   Powerview Investments Limited.  I challenge the court to

7   have him swear under oath that NSI International has no

8   parent corporation.

9           THE COURT:  I'm not required to make him swear

10  to anything at this point, but I am allowing him to put on

11  the record whatever he wishes to put on the record, just

12  as I have done so in your case.

13          So is there anything else you wish to add,

14  Mr. Felsen?

15          MR. FELSEN:  Nothing else, your Honor.

16          THE COURT:  All right.

17          As I indicated earlier, part of this decision of

18  mine has to be done by report and recommendation to

19  Judge Bianco.  So for the record I am reserving decision,

20  and I will prepare a report and recommendation as quickly

21  as I am able to and get that over to Judge Bianco.

22          This hearing is closed for all purposes.

23          MS. MUSTAFA:  Your Honor, one more thing.

24          THE COURT:  Yes.

25          MS. MUSTAFA:  May I say one more thing.

40

1            I apologize, I forgot to say this.  With the

2    contempt order, once I receive the order I do have 30 days

3    to appeal it, Mr. Felsen is incorrect.  I am able to

4    appeal it, and also any order that is void, there is no

5    statute of limitations on voided judgments, there is no

6    statute of limitations on voided orders.

7            The fact that I could only prove the false

8    corporate disclosure statement as of their filing in the

9    Northern District of Illinois is the evidence I needed

10   where Mr. Felsen contradicted himself in federal court,

11   and I do intend to appeal that and also to bring it to the

12   attention of the authorities.

13           THE COURT:  All right.

14           As I have indicated, at this point the record is

15   now officially closed for this hearing and we will proceed

16   from there.

17           Thank you, all.

18           MR. FELSEN:  Thank you.

19           MS. MUSTAFA:  Thank you.

20           (The matter concluded.)

21

22

23

24

25

## $

**$80,645** [1] - 3:10

## 1

**1** [3] - 11:4, 11:7, 20:12
**10** [3] - 23:10, 24:10, 38:13
**100** [2] - 1:20, 9:13
**102** [1] - 13:14
**103** [1] - 13:19
**105** [1] - 14:2
**106** [1] - 14:2
**107** [1] - 14:2
**108** [1] - 14:5
**10th** [1] - 16:11
**11** [1] - 12:17
**11042** [1] - 1:14
**113** [1] - 14:18
**115** [1] - 14:21
**116** [1] - 14:24
**117** [1] - 16:12
**11722** [1] - 1:20
**118** [1] - 16:16
**1180** [1] - 1:20
**11th** [1] - 10:1
**120** [1] - 16:18
**122** [1] - 17:10
**12552-3218** [1] - 23:14
**125528** [3] - 23:23, 30:21, 32:22
**12th** [2] - 16:14, 17:17
**13** [1] - 12:17
**14** [1] - 12:16
**14-3706** [1] - 7:3
**143706** [2] - 23:5, 24:18
**14th** [3] - 28:11, 32:3, 32:7
**156697** [1] - 22:10
**16** [1] - 12:13
**17** [2] - 21:9, 29:12
**17th** [1] - 8:15
**18th** [1] - 13:19
**19** [1] - 17:8
**19th** [3] - 13:24, 14:3, 14:6
**1:30** [1] - 1:7

## 2

**2** [6] - 3:21, 3:25, 4:15, 17:16, 23:25, 38:18
**20** [1] - 4:15
**2009** [2] - 15:19, 22:4
**2012** [2] - 22:4, 29:10
**2013** [4] - 4:6, 10:2, 11:4, 11:7
**2014** [5] - 3:4, 3:5, 3:11, 4:15, 12:13
**2015** [15] - 3:13, 3:17, 3:19, 3:21, 3:25, 7:17, 8:12, 8:15, 8:21, 8:22, 9:1, 9:7,

10:24, 12:1, 13:16
**2016** [22] - 1:7, 7:24, 9:11, 11:19, 12:19, 13:13, 13:19, 13:24, 14:6, 14:15, 14:19, 14:22, 16:10, 16:11, 16:14, 16:17, 17:7, 17:9, 17:11, 18:16, 23:25, 34:16
**21** [2] - 28:5, 38:3
**22** [3] - 9:7, 10:24, 12:1
**23rd** [2] - 16:17, 17:7, 34:16
**24th** [2] - 17:10, 18:16
**25th** [1] - 8:22
**26** [6] - 1:7, 4:6, 21:11, 24:25, 29:17, 33:13
**26.1** [5] - 15:8, 23:7, 24:7, 33:9, 33:11
**26th** [3] - 3:4, 3:11, 14:16
**27th** [1] - 15:19
**28th** [5] - 9:11, 11:12, 11:19, 12:19, 16:10
**29th** [2] - 3:12, 14:15
**2nd** [1] - 14:19

## 3

**3** [2] - 9:22, 13:16
**3/19/15** [1] - 8:10
**3/9/15** [1] - 8:6
**30** [2] - 3:17, 40:2
**3000** [1] - 1:13
**32** [1] - 31:3
**3218** [2] - 23:19, 30:21, 32:22
**38** [1] - 30:22
**39** [2] - 4:6, 30:23
**3rd** [1] - 7:17

## 4

**4** [2] - 21:17, 38:3

## 5

**5** [1] - 18:11
**59** [1] - 17:14

## 6

**6** [1] - 18:16
**6.3** [1] - 17:14
**60** [1] - 5:13
**631** [2] - 1:20, 1:20
**69(a)(2** [1] - 4:21
**6th** [4] - 8:12, 13:23, 14:22, 23:25

## 7

**7.1** [12] - 15:7, 21:13, 21:22, 23:21, 24:23, 30:7, 33:2, 33:11, 36:25, 38:7, 38:22, 38:25
**707** [1] - 11:3

**712-6106** [1] - 1:20
**712-6122** [1] - 1:20
**78** [1] - 4:2

## 8

**8** [1] - 12:17
**80** [1] - 3:16
**82** [1] - 3:18
**83** [1] - 3:20
**8316** [1] - 37:25
**85** [3] - 7:19, 9:12, 25:7
**87** [2] - 4:1, 8:8
**88** [2] - 8:5
**89** [1] - 8:12
**8th** [3] - 3:4, 9:1, 13:13

## 9

**9** [2] - 7:24, 12:17
**92** [1] - 8:14
**93** [1] - 8:18
**95** [1] - 8:24
**96** [3] - 9:3, 13:14, 13:20
**97** [1] - 13:20
**9th** [2] - 3:19, 8:21

## A

**able** [4] - 22:3, 37:14, 39:21, 40:3
**absurd** [1] - 33:25
**according** [4] - 4:25, 5:8, 8:19, 21:16
**action** [7] - 4:22, 7:5, 10:20, 11:5, 11:21, 13:7, 13:11
**activity** [2] - 6:25, 7:6
**acts** [1] - 10:18
**actual** [2] - 24:1, 28:15
**add** [1] - 39:13
**addition** [3] - 17:1, 34:20, 35:16
**address** [2] - 28:3, 36:17
**addressed** [1] - 12:6
**adjourn** [1] - 14:7
**adjourned** [1] - 14:14
**administer** [1] - 19:15
**administers** [1] - 34:8
**administrative** [1] - 5:11
**admission** [2] - 5:11, 17:5
**admit** [1] - 25:19
**admitted** [10] - 4:24, 5:10, 5:15, 9:19, 11:8, 11:18, 16:3, 17:5, 22:7, 22:14
**adopted** [2] - 3:3, 9:9
**adopting** [1] - 9:8
**advanced** [1] - 10:13
**affidavit** [2] - 14:3, 14:5
**affiliates** [1] - 37:2
**affirmance** [1] - 16:23
**affirmed** [1] - 11:25

**affirming** [2] - 9:8, 34:22
**agency** [1] - 10:20
**agree** [1] - 28:5
**agreement** [8] - 15:18, 15:19, 25:14, 25:15, 25:16, 25:18, 25:20
**AKT** [1] - 1:4
**ALJ** [2] - 5:5, 10:15
**ALJs** [1] - 10:11
**allegations** [1] - 38:15
**alleged** [1] - 10:6
**allegedly** [1] - 25:11
**allowing** [1] - 39:10
**almost** [1] - 23:17
**alone** [1] - 26:24
**Alphonse** [1] - 12:22
**alternative** [1] - 12:23
**Althea** [1] - 10:21
**amended** [4] - 11:4, 14:17, 14:20, 14:23
**Amendment** [10] - 6:21, 18:12, 20:17, 28:11, 28:12, 31:12, 31:14, 31:21, 32:3, 32:7
**amount** [1] - 3:10
**answer** [10] - 6:23, 7:1, 7:7, 7:14, 15:1, 20:20, 22:24, 22:25, 29:21, 31:20
**answered** [1] - 26:16
**answers** [1] - 4:8
**apologize** [1] - 40:1
**appeal** [22] - 3:7, 3:8, 3:12, 4:5, 6:14, 7:2, 9:4, 13:17, 16:9, 16:22, 20:10, 20:23, 21:4, 23:8, 26:23, 28:2, 30:16, 31:10, 34:23, 40:3, 40:4, 40:11
**Appeals** [11] - 12:1, 18:2, 20:11, 21:4, 24:8, 24:18, 24:21, 26:9, 26:22, 33:9, 39:2
**appear** [5] - 3:22, 7:22, 11:6, 12:21, 14:10
**appearance** [2] - 2:6, 37:25
**appearances** [1] - 11:3
**APPEARANCES** [1] - 1:11
**appearing** [1] - 12:24
**appellate** [3] - 15:8, 23:5, 23:7
**apple** [2] - 16:8, 18:24
**applies** [1] - 17:5
**appropriate** [1] - 31:19
**approved** [1] - 28:8
**April** [9] - 4:6, 12:19, 13:13, 13:19, 13:24, 14:2, 14:6, 14:15, 16:10
**argues** [1] - 6:15
**argument** [17] - 4:18, 4:23, 5:14, 5:20, 5:24, 6:1, 6:21, 7:4, 9:21, 15:4, 15:17,

15:23, 16:2, 30:8, 34:11, 38:17

**arguments** [6] - 4:11, 13:21, 17:20, 27:22, 34:1, 35:9

**Article** [1] - 20:17

**Ashra** [1] - 22:16

**aside** [1] - 22:23

**asserted** [1] - 28:17

**asserting** [4] - 16:18, 31:12, 32:1, 32:3

**assigned** [1] - 5:7

**associated** [1] - 13:17

**assume** [1] - 34:5

**attach** [1] - 23:19

**attached** [2] - 4:15, 16:9

**attachments** [2] - 14:21, 14:24

**attempt** [4] - 4:12, 4:19, 6:18, 8:6

**attempting** [1] - 9:5

**attempts** [1] - 6:5

**attention** [3] - 22:7, 23:14, 40:12

**attorney** [5] - 9:23, 13:4, 17:3, 17:5, 34:9

**attorneys** [8] - 4:24, 9:2, 9:3, 10:7, 11:5, 11:18, 13:15, 16:3

**August** [2] - 8:15, 8:22

**authorities** [1] - 40:12

**authority** [1] - 8:17

**available** [2] - 14:14, 18:19

**Avenue** [1] - 1:13

### B

**banc** [1] - 6:19

**based** [6] - 4:11, 8:2, 9:18, 24:13, 37:23

**basis** [2] - 11:22, 12:8

**bear** [3] - 25:17, 26:11, 26:15

**bearing** [2] - 17:17, 36:19

**BEFORE** [1] - 1:9

**begin** [1] - 3:1

**behalf** [3] - 19:12, 27:7, 34:5

**believes** [1] - 6:25

**between** [1] - 15:18

**beyond** [1] - 26:17

**Bianco** [22] - 3:3, 3:5, 3:17, 5:18, 8:8, 8:11, 8:13, 8:18, 8:22, 9:3, 9:9, 11:15, 13:14, 16:1, 17:23, 22:1, 22:2, 25:24, 30:8, 35:11, 39:19, 39:21

**Bianco's** [2] - 11:24, 16:23

**bite** [2] - 16:7, 18:24

**Black's** [1] - 20:19

**blind** [2] - 6:17, 25:10

**brief** [3] - 23:5, 30:18, 30:19

**briefly** [1] - 36:17, 37:20

**bring** [3] - 29:14, 33:18, 40:11

**British** [2] - 23:17, 26:5

**brought** [3] - 5:20, 22:6, 31:11

**Brunt** [1] - 22:17

**bulk** [1] - 17:20

**burden** [1] - 14:12

**business** [2] - 36:9, 36:10

**butchers** [1] - 38:5

### C

**cannot** [2] - 10:12, 29:10

**capacity** [2] - 33:15, 33:18

**carbon** [2] - 6:17, 25:10

**case** [23] - 2:4, 3:3, 5:7, 10:14, 10:15, 18:22, 20:24, 21:14, 21:19, 21:24, 22:1, 22:4, 22:16, 23:21, 25:2, 29:9, 33:2, 33:14, 33:18, 33:20, 33:22, 33:23, 39:12

**CAT** [1] - 1:25

**CAUSE** [1] - 1:9

**Central** [3] - 1:5, 1:20, 12:23

**cert** [1] - 34:20

**certain** [3] - 4:3, 4:11, 11:20

**challenge** [1] - 39:6

**challenged** [1] - 23:23

**change** [1] - 18:17

**charge** [3] - 5:21, 5:22, 8:20

**chief** [1] - 25:8

**Circuit** [34] - 3:12, 4:4, 5:25, 6:14, 7:2, 9:5, 9:7, 12:1, 13:17, 15:12, 15:21, 16:6, 16:10, 18:2, 20:11, 20:24, 21:4, 24:8, 24:17, 24:21, 26:9, 26:14, 26:21, 28:1, 30:13, 30:16, 31:7, 33:9, 34:14, 34:16, 34:18, 34:24, 35:8, 39:1

**Circuit's** [3] - 12:3, 16:22, 34:21

**circuit's** [1] - 31:9

**cite** [1] - 33:16

**civil** [7] - 2:1, 2:4, 7:5, 10:10, 17:14, 31:18, 31:24

**Civil** [18] - 4:21, 15:7, 20:16, 21:9, 21:13, 21:16, 23:21, 24:25, 26:7, 28:24, 29:12, 29:16, 32:2, 32:5, 33:13, 38:4, 38:6, 38:7

**claim** [1] - 37:7

**claims** [4] - 10:13, 15:9, 15:11, 15:13

**clarify** [1] - 31:24

**class** [1] - 14:4

**clear** [3] - 2:25, 18:20, 32:8

**clearly** [1] - 33:20

**clears** [1] - 28:25

**clerical** [1] - 14:25

**CLERK** [2] - 2:4, 19:16

**clients** [1] - 36:11

**close** [4] - 4:2, 6:9, 7:13, 14:24

**closed** [2] - 39:22, 40:15

**collect** [1] - 4:12

**College** [1] - 14:9

**commenced** [1] - 35:14

**commencement** [9] - 21:14, 21:19, 22:1, 23:20, 25:2, 29:9, 33:2, 33:19, 33:22

**commission** [4] - 5:5, 9:24, 10:5, 10:12

**Commission** [7] - 6:2, 6:4, 6:6, 6:9, 6:16, 6:20, 25:9

**committee** [1] - 17:4

**communication** [1] - 11:1

**communications** [1] - 25:11

**Company** [1] - 33:17

**company** [14] - 21:10, 22:13, 23:18, 24:9, 25:2, 26:4, 26:5, 28:15, 28:16, 29:8, 33:5, 33:10, 37:6

**compel** [4] - 3:13, 7:10, 7:17, 9:13

**compensated** [1] - 26:6

**complaining** [1] - 25:12

**complaints** [1] - 6:10

**complete** [2] - 20:20, 21:1

**completely** [2] - 22:24, 28:6

**compliance** [4] - 21:8, 26:17, 28:24, 32:4

**complied** [2] - 7:15, 16:21, 20:18

**comply** [16] - 3:22, 3:24, 7:21, 7:24, 8:3, 13:2, 13:6, 16:19, 16:21, 18:7, 19:9, 28:5, 28:20, 30:2, 36:4, 37:10

**comprehensive** [1] - 13:25

**compromised** [3] - 6:9, 29:19, 29:22

**concern** [1] - 27:22

**concerning** [4] - 5:17, 34:17, 35:9, 35:10

**concerns** [1] - 11:16

**concluded** [1] - 40:20

**conduct** [4] - 7:6, 10:7, 21:8, 25:6

**conducted** [3] - 21:6, 28:23, 32:4

**confidence** [1] - 15:25

**confident** [1] - 36:2

**confidential** [2] - 25:11

**conflicting** [1] - 22:12

**consequences** [1] - 13:5

**consequently** [2] - 17:23, 18:25

**consistent** [2] - 6:3, 33:6

**consisting** [1] - 4:2

**conspirators** [1] - 23:19

**Constitution** [3] - 6:22, 20:16, 28:11

**constitutional** [4] - 21:2, 28:22, 30:3, 32:6

**construed** [1] - 7:11

**consult** [1] - 13:3

**contained** [2] - 26:2, 32:22

**contempt** [7] - 13:7, 15:3, 20:13, 20:22, 26:18, 33:23, 40:2

**contents** [1] - 38:10

**context** [1] - 2:24

**continue** [2] - 12:8, 35:7, 36:9

**continues** [2] - 16:21, 21:21

**continuing** [1] - 7:12

**continuous** [1] - 36:4

**contradicted** [1] - 40:10

**contradictory** [5] - 23:13, 24:6, 32:13, 37:23, 37:24

**contradicts** [3] - 15:6, 32:11, 33:10

**contrary** [2] - 18:11, 22:12

**controlling** [1] - 18:17

**conveniently** [1] - 36:20

**copied** [1] - 30:23

**copies** [1] - 38:11

**copy** [2] - 4:6, 16:9

**copying** [2] - 6:17, 25:10

**corporate** [26] - 21:12, 21:18, 21:22, 21:25, 22:12, 23:6, 23:23, 23:24, 24:15, 24:23, 25:22, 27:6, 29:1, 32:9, 32:16, 33:3, 33:4, 33:21, 34:18, 36:18, 36:24, 37:1, 37:4, 37:24, 38:11, 40:8

**corporation** [12] - 23:10, 24:9, 24:10, 38:12, 38:13, 38:18, 38:22, 38:23, 38:24, 39:2, 39:5, 39:8

**corporations** [2] - 23:9, 38:16

**correct** [2] - 18:19, 24:12

**corrected** [1] - 14:23

**correcting** [1] - 14:25

**correctness** [1] - 10:15

**costs** [3] - 26:11, 26:13, 26:15

**counsel** [13] - 6:16, 7:20, 8:19, 9:19, 9:23, 12:5, 13:21, 13:24, 16:17, 16:25, 23:8, 23:12, 25:8

**Counsel** [1] - 10:22

**course** [1] - 30:8

**COURT** [32] - 1:1, 2:10, 2:15, 2:17, 2:20, 19:19, 20:4, 20:7, 27:1, 27:8, 27:19, 29:4, 29:13, 29:24, 30:6,

30:12, 30:15, 31:7, 31:23, 34:1, 34:7, 34:10, 35:1, 35:3, 35:5, 35:7, 37:18, 37:20, 39:9, 39:16, 39:24, 40:13
**court** [68] - 2:21, 3:22, 6:8, 9:9, 9:10, 12:9, 12:22, 13:2, 13:7, 13:8, 13:10, 13:15, 15:13, 15:20, 17:2, 17:7, 17:11, 17:22, 18:1, 18:8, 18:13, 18:14, 19:6, 19:11, 20:9, 20:13, 20:21, 20:25, 21:5, 21:20, 21:21, 22:20, 24:1, 24:7, 24:11, 24:20, 25:6, 25:21, 26:1, 26:7, 26:10, 26:12, 26:13, 26:18, 26:23, 27:5, 27:6, 27:15, 27:25, 28:14, 29:23, 30:21, 31:20, 32:13, 33:1, 33:23, 33:24, 34:14, 34:24, 35:21, 36:2, 36:5, 36:13, 36:14, 37:11, 39:6, 40:10
**Court** [25] - 1:19, 9:24, 11:3, 11:25, 18:2, 20:11, 21:4, 22:17, 23:1, 23:16, 24:8, 24:16, 24:18, 24:21, 26:9, 26:21, 30:25, 32:20, 33:9, 33:17, 34:21, 38:20, 39:1, 39:3
**court's** [12] - 7:24, 8:17, 16:19, 17:17, 19:10, 20:14, 20:19, 22:6, 23:14, 25:13, 26:17, 34:22
**Courthouse** [2] - 1:5, 12:22
**Courtroom** [1] - 19:14
**courtroom** [1] - 18:13
**covered** [1] - 24:24
**criminal** [9] - 6:25, 7:10, 9:9, 17:2, 25:6, 31:16, 31:18, 31:22
**current** [1] - 11:2
**CV-12-5528** [1] - 1:3

## D

**D'Amatto** [1] - 12:22
**date** [3] - 14:7, 14:16, 17:6
**dated** [4] - 10:1, 10:23, 16:10, 17:8
**dates** [1] - 14:14
**days** [6] - 5:13, 10:24, 14:21, 28:5, 38:3, 40:2
**DE** [10] - 4:1, 8:5, 8:7, 8:12, 9:12, 13:14, 13:19, 14:1, 14:21, 14:24
**dealing** [2] - 36:12, 36:22
**deals** [1] - 31:8
**dear** [1] - 10:25
**December** [1] - 12:13
**decision** [10] - 9:13, 11:24,

12:3, 16:24, 21:24, 22:3, 25:24, 31:8, 39:17, 39:19
**decisions** [3] - 10:10, 15:16, 16:4
**declaration** [1] - 14:1
**declined** [1] - 13:10
**declines** [1] - 4:7
**deemed** [1] - 18:3
**Defendant** [3] - 1:7, 1:16, 19:18
**defendant** [23] - 2:2, 3:5, 4:23, 8:12, 9:4, 9:15, 9:22, 12:2, 12:8, 12:15, 14:4, 14:6, 14:19, 14:22, 16:7, 16:11, 16:18, 17:3, 17:8, 17:13, 17:16, 18:7, 19:7
**defendant's** [5] - 3:8, 11:20, 16:2, 17:20, 19:4
**defendants** [3] - 12:11, 38:1, 38:2
**defense** [1] - 28:21
**defined** [2] - 29:12, 29:16
**defines** [1] - 20:20
**definite** [1] - 3:9
**delay** [2] - 12:8, 12:10
**demand** [1] - 4:2
**demanded** [2] - 4:3, 31:4
**demands** [6] - 4:20, 5:17, 5:24, 7:8, 12:15, 20:15
**denial** [2] - 16:22, 18:25
**denied** [8] - 3:5, 3:6, 3:7, 8:13, 8:23, 9:11, 16:14, 19:2
**deny** [1] - 25:19
**denying** [2] - 17:11, 17:18
**deprives** [1] - 15:15
**Deputy** [2] - 19:14, 34:8
**despite** [1] - 35:20
**determination** [1] - 7:2
**determinations** [1] - 10:12
**determined** [1] - 10:16
**Dictionary** [1] - 20:19
**directed** [5] - 3:20, 12:17, 12:25, 14:13, 19:11
**directing** [4] - 12:21, 13:20, 18:8, 18:23
**direction** [1] - 20:19
**directive** [1] - 35:21
**directives** [1] - 28:6
**directly** [2] - 19:9, 33:10
**directs** [1] - 23:13
**disagreement** [2] - 11:20, 17:21
**disciplinary** [3] - 5:4, 9:24, 17:4
**disclose** [5] - 29:2, 29:15, 29:16, 33:4, 33:13
**disclosed** [8] - 15:4, 23:3, 24:3, 24:24, 25:1, 32:19, 32:20, 37:3

**discloses** [2] - 31:1, 32:16
**disclosure** [23] - 15:7, 15:9, 21:12, 21:18, 21:22, 23:6, 24:15, 24:23, 25:22, 27:6, 29:1, 30:7, 32:16, 33:3, 33:21, 34:18, 36:18, 36:24, 37:4, 37:24, 38:7, 38:11, 40:8
**discovery** [7] - 9:17, 11:15, 11:23, 12:9, 20:15, 33:12, 35:17
**discrete** [1] - 18:5
**dismiss** [1] - 35:23
**dismissal** [1] - 5:21
**dismissed** [1] - 5:23
**disqualification** [3] - 15:16, 21:24, 25:25
**dissatisfaction** [1] - 17:21
**district** [6] - 9:9, 15:20, 18:1, 27:25, 30:20, 35:20
**District** [30] - 5:18, 11:17, 12:25, 16:5, 22:10, 22:15, 22:17, 22:18, 23:1, 24:2, 24:14, 24:16, 24:17, 25:3, 28:18, 32:11, 32:12, 32:14, 32:24, 35:18, 36:7, 37:1, 37:5, 38:19, 38:20, 39:1, 39:3, 39:4, 40:9
**DISTRICT** [2] - 1:1, 1:1
**doc** [3] - 30:21, 30:22, 32:22
**docket** [18] - 3:16, 3:18, 3:20, 4:6, 7:3, 8:5, 8:14, 8:18, 8:24, 9:2, 9:13, 13:13, 14:5, 14:17, 16:12, 16:16, 16:18, 17:10
**document** [13] - 4:2, 7:18, 8:6, 8:7, 12:12, 12:16, 12:18, 18:9, 19:22, 22:25, 23:15, 25:7, 28:7
**documents** [6] - 3:14, 4:3, 4:10, 8:1, 19:5, 37:11
**done** [2] - 39:12, 39:18
**Donnell** [1] - 25:9
**Donnie** [1] - 6:15
**down** [2] - 2:22, 18:14
**due** [8] - 21:7, 22:22, 25:12, 28:9, 28:19, 28:22, 32:2, 32:5
**during** [1] - 30:8
**duties** [2] - 10:4, 24:24
**duty** [2] - 29:16, 33:12

## E

**e-mails** [1] - 6:18
**EASTERN** [1] - 1:1
**Eastern** [5] - 5:18, 11:17, 16:5, 22:15, 24:17, 26:13, 32:12, 39:1
**ECF** [2] - 4:4, 8:9

**edifications** [1] - 27:13
**EEOC** [1] - 8:20
**effective** [1] - 11:3
**effectively** [1] - 18:4
**eight** [2] - 7:9, 38:1
**either** [2] - 22:20, 31:6
**emergencies** [1] - 35:22
**emergency** [2] - 36:2, 36:3
**employed** [1] - 33:7
**en** [1] - 6:19
**encouraged** [1] - 13:3
**enforce** [4] - 9:5, 10:9, 13:18, 37:13
**enforced** [1] - 25:15
**enforcement** [1] - 25:17
**entered** [6] - 3:9, 5:17, 20:24, 22:21, 26:20, 35:10
**entire** [1] - 26:19
**entirety** [2] - 3:4, 23:14
**entitled** [2] - 4:1, 37:15
**entry** [18] - 3:16, 3:18, 3:20, 4:6, 7:19, 8:5, 8:14, 8:18, 8:24, 9:2, 9:13, 13:13, 14:5, 14:18, 16:12, 16:16, 16:18, 17:10
**error** [2] - 14:25, 18:20
**ESQ** [1] - 1:12
**essentially** [1] - 27:21
**event** [2] - 11:12, 17:5
**evidence** [5] - 18:18, 22:11, 23:13, 25:8, 40:9
**exam** [1] - 14:8
**example** [1] - 36:4
**Exhibit** [6] - 4:15, 9:22, 15:2, 23:25, 31:3
**Exhibits** [1] - 30:23
**exhibits** [3] - 4:5, 8:9, 31:5
**exist** [2] - 29:8, 29:10
**existed** [3] - 15:18, 21:25, 25:14
**existence** [2] - 25:16, 25:19
**exists** [1] - 28:15
**expenses** [1] - 13:18
**extension** [1] - 3:7
**extent** [3] - 12:2, 23:2, 24:3

## F

**fact** [9] - 4:21, 9:19, 9:21, 15:21, 25:5, 31:1, 31:11, 35:10, 40:7
**factual** [1] - 10:17
**failed** [7] - 3:22, 16:19, 21:7, 31:19, 34:20, 37:25, 38:2
**failing** [1] - 21:25
**failure** [12] - 3:24, 7:24, 8:3, 13:2, 13:5, 18:7, 19:4, 19:9, 19:21, 29:15, 33:13, 37:10
**false** [11] - 15:9, 21:14,

21:19, 22:14, 24:15, 25:4, 25:22, 30:20, 33:8, 33:20, 40:7

**falsely** [1] - 4:16

**falsity** [1] - 21:21

**Fareed** [1] - 2:14

**father** [1] - 2:16

**favor** [1] - 3:9

**Fax** [1] - 1:20

**FCRR** [1] - 1:19

**February** [2] - 3:19, 7:24

**federal** [6] - 10:10, 23:7, 24:1, 24:7, 33:11, 40:10

**Federal** [20] - 1:20, 4:20, 15:7, 20:15, 21:8, 21:13, 21:16, 23:21, 24:7, 24:24, 26:7, 28:24, 29:12, 29:16, 32:2, 32:5, 33:12, 38:4, 38:6

**fees** [4] - 9:2, 9:4, 9:6, 13:15

**FELSEN** [7] - 1:12, 2:7, 34:6, 34:12, 35:8, 39:15, 40:18

**Felsen** [46] - 2:8, 2:18, 4:24, 5:1, 5:4, 5:8, 5:15, 10:4, 10:14, 10:19, 11:8, 13:25, 20:2, 21:12, 22:7, 22:14, 23:2, 23:20, 24:2, 24:8, 24:12, 24:14, 24:25, 26:11, 26:13, 27:5, 27:10, 28:14, 28:25, 29:9, 30:4, 31:16, 31:21, 32:8, 32:22, 33:1, 33:20, 34:4, 34:10, 35:7, 37:24, 38:5, 39:4, 39:14, 40:3, 40:10

**Felsen's** [2] - 38:15, 38:25

**fictional** [1] - 33:14

**fictitious** [2] - 21:11, 33:15

**Fifth** [4] - 28:10, 31:12, 31:14, 31:21

**file** [11] - 3:8, 6:18, 26:23, 30:24, 34:20, 35:21, 37:21, 37:23, 37:25, 38:10, 38:11

**filed** [43] - 3:11, 3:13, 3:15, 4:5, 5:9, 6:10, 7:17, 8:5, 8:6, 8:7, 8:10, 8:17, 8:19, 9:1, 9:3, 13:16, 14:2, 14:3, 14:6, 14:19, 14:22, 15:9, 15:11, 16:11, 16:17, 21:12, 22:12, 22:14, 23:20, 23:25, 24:14, 27:21, 32:10, 32:11, 32:13, 32:23, 33:1, 34:15, 34:22, 35:19, 35:23, 36:1, 37:22

**files** [1] - 6:8

**filing** [11] - 3:25, 4:18, 5:10, 6:7, 8:16, 24:22, 25:4, 32:15, 33:8, 36:14, 40:8

**filings** [2] - 36:16, 38:25

**final** [1] - 12:11

**financial** [2] - 17:1, 29:3

**findings** [1] - 11:10, 16:4

**firm** [9] - 5:1, 5:4, 11:11, 14:3, 28:21, 32:15, 32:18, 35:23

**firm's** [1] - 36:10

**first** [19] - 3:2, 3:14, 4:3, 4:9, 4:10, 4:11, 6:18, 7:23, 7:25, 8:1, 9:15, 10:1, 12:7, 14:4, 15:4, 17:12, 27:2, 37:21

**First** [1] - 18:12

**fit** [1] - 15:25

**five** [2] - 6:1, 15:1

**focus** [1] - 27:22

**following** [5] - 6:2, 10:2, 10:24, 20:10, 34:21

**forgot** [1] - 40:1

**forma** [1] - 3:6

**forth** [1] - 13:10

**Four** [1] - 20:17

**four** [1] - 18:5

**Fourth** [2] - 6:21, 28:11

**fourth** [1] - 5:24

**frankly** [4] - 28:2, 28:22, 30:19, 33:25

**frivolous** [3] - 8:2, 8:17, 36:16

**front** [1] - 30:22

**full** [4] - 5:24, 17:25, 20:20, 26:17

**fully** [6] - 7:15, 11:13, 20:13, 20:18, 28:20, 29:2

**future** [1] - 17:6

## G

**general** [1] - 6:16

**Gertrude** [2] - 5:5, 10:4

**governmental** [1] - 38:10

**grant** [1] - 9:11

**granted** [2] - 3:19, 14:13

**granting** [1] - 11:24

**gray** [1] - 6:15

**Grey** [1] - 25:9

**grounds** [1] - 8:2

**Group** [2] - 1:13, 25:10

**group** [1] - 15:24

**guarantees** [1] - 30:4

## H

**hac** [1] - 5:11

**half** [1] - 37:12

**hand** [2] - 19:17, 34:8

**happily** [2] - 28:13, 29:25

**happy** [1] - 29:2

**harassment** [1] - 7:12

**hard** [2] - 4:5, 30:23

**hear** [6] - 2:18, 19:6, 35:1, 35:2, 35:5

**heard** [3] - 27:12, 27:13, 35:25

**hearing** [14] - 3:23, 7:23, 14:8, 14:10, 14:14, 14:16, 16:14, 17:19, 18:6, 19:3, 27:9, 27:22, 39:22, 40:15

**held** [8] - 15:3, 20:12, 22:18, 23:10, 37:3, 37:6, 38:13, 38:16

**hereby** [1] - 20:9

**himself** [1] - 40:10

**hold** [1] - 33:23

**holding** [2] - 5:1, 17:12

**Honor** [12] - 2:7, 2:12, 19:25, 27:4, 28:9, 28:19, 34:6, 34:12, 37:16, 37:19, 39:15, 39:23

**Honor's** [1] - 35:16

**Honorable** [6] - 5:18, 17:23, 22:1, 22:2, 25:23, 25:24

**HONORABLE** [1] - 1:9

**human** [1] - 5:5

**Human** [7] - 6:2, 6:4, 6:6, 6:9, 6:16, 6:19, 25:9

## I

**identified** [1] - 38:21

**identifies** [2] - 33:18, 38:12

**identify** [3] - 7:6, 23:23, 38:22

**idly** [1] - 30:3

**ignore** [1] - 21:21

**ignored** [1] - 25:7

**Illinois** [39] - 4:25, 5:2, 5:4, 5:10, 5:16, 6:2, 6:3, 6:6, 6:8, 6:16, 6:19, 8:20, 9:20, 9:25, 10:6, 10:11, 11:2, 11:6, 11:9, 11:10, 12:25, 14:9, 16:4, 17:3, 22:11, 23:1, 24:2, 24:14, 25:3, 25:9, 28:18, 32:11, 32:25, 35:18, 36:7, 37:5, 38:19, 39:4, 40:9

**Illinois's** [1] - 35:19

**impact** [1] - 28:2

**imposed** [3] - 3:23, 13:1, 18:7

**improper** [1] - 17:25

**inadvertently** [1] - 15:1

**INC** [1] - 1:3

**Inc** [1] - 23:9

**included** [2] - 9:22, 22:25

**inconsistency** [1] - 29:1

**incorporate** [1] - 13:21

**Incorporated** [2] - 2:5, 2:9

**incorrect** [1] - 40:3

**incriminating** [1] - 31:15

**incur** [1] - 29:21

**incurred** [2] - 9:4, 13:18

**indicated** [7] - 11:12, 23:22, 27:8, 27:20, 34:3, 39:17, 40:14

**indicating** [1] - 10:17

**individual** [1] - 28:7

**individually** [1] - 6:23

**information** [13] - 4:13, 4:14, 10:17, 11:13, 13:12, 15:6, 15:12, 15:13, 19:10, 19:20, 25:25, 29:3, 30:19

**informed** [2] - 15:15, 33:7

**initial** [2] - 5:21, 30:16

**initiated** [1] - 21:19

**injunction** [4] - 8:11, 8:13, 8:23, 36:8

**injustice** [1] - 18:20

**instead** [2] - 13:22, 16:20

**integrity** [2] - 6:7, 15:24

**intend** [6] - 20:12, 24:20, 26:22, 26:23, 28:19, 40:11

**intends** [2] - 19:11, 19:12

**interest** [3] - 21:11, 21:16, 29:11

**interfering** [2] - 36:8, 36:10

**International** [25] - 2:4, 2:9, 15:4, 15:18, 21:10, 22:9, 23:3, 23:9, 24:3, 25:1, 26:3, 27:7, 28:14, 28:16, 29:7, 30:5, 31:1, 32:10, 32:17, 32:20, 32:23, 33:6, 38:20, 39:7

**INTERNATIONAL** [1] - 1:3

**interpret** [1] - 10:9

**interrogatories** [9] - 3:15, 4:11, 8:2, 12:12, 12:19, 18:10, 19:22, 28:8, 28:13

**interrogatory** [2] - 12:17, 19:5

**intervening** [1] - 18:17

**invasion** [2] - 29:18, 29:20

**investigating** [1] - 10:5

**investigation** [3] - 5:3, 5:6, 10:19

**investigations** [1] - 10:3

**Investment** [11] - 22:8, 22:9, 23:4, 24:4, 26:4, 28:17, 32:18, 32:21, 32:24, 33:5, 38:2

**Investments** [4] - 15:5, 31:2, 38:21, 39:6

**involve** [1] - 17:20

**irrelevant** [3] - 9:21, 11:13, 16:4

**Island** [1] - 26:5

**Isles** [1] - 23:17

**Islip** [3] - 1:5, 1:20, 12:23

**issuance** [1] - 17:1

**issue** [12] - 7:23, 11:16, 12:6, 16:8, 18:5, 20:23, 21:3, 26:23, 30:17, 34:17, 36:18,

37:17
**issued** [10] - 3:2, 8:4, 9:7, 11:14, 12:20, 13:19, 14:17, 17:2, 17:11, 37:10
**issues** [13] - 11:20, 13:16, 15:19, 17:24, 18:1, 18:22, 20:10, 20:11, 26:21, 31:9, 35:12, 36:21, 36:23
**itself** [1] - 5:1

# J

**Jaffey** [1] - 22:16
**JAMIE** [1] - 1:12
**Jamie** [5] - 2:8, 10:4, 11:8, 21:12, 23:2
**Jan** [1] - 33:16
**January** [5] - 3:12, 3:17, 10:1, 10:24, 15:19
**Joe** [1] - 25:10
**joint** [1] - 23:18
**Joseph** [6] - 5:18, 6:17, 10:3, 11:7, 17:23, 25:24
**JUDGE** [1] - 1:10
**Judge** [26] - 2:1, 3:3, 3:5, 3:17, 8:8, 8:11, 8:13, 8:18, 8:22, 9:3, 9:9, 11:15, 11:24, 13:14, 16:1, 16:23, 22:1, 22:2, 25:23, 27:4, 30:8, 35:11, 35:21, 39:19, 39:21
**judge** [2] - 5:12, 35:21
**judges** [4] - 10:11, 15:15, 21:23
**judgment** [35] - 3:9, 3:14, 3:15, 4:9, 4:10, 4:20, 5:17, 6:13, 7:11, 8:1, 9:5, 9:8, 11:23, 11:24, 12:12, 13:18, 16:23, 18:9, 20:15, 20:18, 20:24, 20:25, 21:5, 22:19, 22:22, 26:19, 29:17, 29:22, 30:10, 34:22, 35:10, 35:20, 37:13, 37:22
**judgments** [1] - 40:5
**judiciary** [1] - 15:25
**July** [2] - 11:4, 11:7
**jurisdiction** [13] - 8:25, 11:14, 15:14, 21:1, 21:5, 22:5, 22:20, 22:21, 24:20, 33:25, 34:19, 34:25, 35:9
**justify** [1] - 10:19

# K

**KATHLEEN** [1] - 1:9
**kinds** [1] - 5:9
**knowingly** [1] - 24:16
**knowledge** [1] - 21:6

# L

**Labuda** [13] - 1:13, 4:24, 5:8, 5:15, 6:17, 10:4, 10:14, 10:18, 11:7, 15:24, 16:3, 25:10
**lack** [1] - 33:15
**lacked** [1] - 21:5
**lacks** [3] - 15:14, 21:1, 22:20
**Lake** [1] - 1:14
**last** [3] - 31:8, 35:12, 35:19
**late** [1] - 14:14
**latest** [1] - 24:13
**law** [12] - 4:25, 5:12, 10:7, 11:8, 14:1, 15:24, 16:1, 18:17, 22:16, 22:22, 32:15, 32:18
**Law** [4] - 1:13, 14:9, 20:19, 25:10
**laws** [1] - 10:10
**lawsuit** [2] - 7:13, 8:25
**lawsuits** [1] - 8:17
**lawyers** [3] - 10:12, 11:11, 15:9
**leads** [1] - 26:3
**leave** [1] - 37:23
**led** [1] - 9:4
**Lee** [1] - 23:8
**left** [1] - 34:23
**legal** [1] - 25:8
**letter** [10] - 10:1, 10:23, 15:11, 16:18, 34:15, 34:17
**letters** [2] - 5:9, 9:23
**liability** [1] - 23:19
**license** [1] - 5:12
**licensed** [1] - 5:2
**light** [1] - 4:21
**likewise** [1] - 18:20
**limitations** [3] - 22:19, 40:5, 40:6
**Limited** [13] - 15:6, 22:8, 22:10, 23:4, 24:4, 26:4, 28:17, 31:2, 32:24, 33:5, 38:2, 38:21, 39:6
**limited** [1] - 12:14
**litigated** [3] - 15:20, 15:22, 35:12
**litigation** [7] - 8:11, 8:23, 11:16, 27:24, 30:9, 35:14, 36:8
**live** [2] - 2:2
**local** [2] - 17:14, 37:25
**located** [1] - 4:17
**Lombardi** [2] - 1:19, 2:22
**look** [1] - 23:5
**looking** [1] - 31:7

# M

**MAGISTRATE** [1] - 1:10

**magistrate** [2] - 21:23, 27:4
**Magistrate** [2] - 22:2, 25:23
**mail** [1] - 14:4
**mails** [1] - 6:18
**maintained** [1] - 6:8
**mandate** [1] - 9:8
**manifest** [1] - 18:20
**manufactures** [1] - 25:13
**March** [9] - 3:4, 3:21, 3:25, 7:17, 8:21, 9:11, 11:12, 11:19, 13:16
**Marcus** [1] - 1:13
**material** [1] - 25:4
**materials** [1] - 13:23
**matter** [4] - 11:13, 22:20, 27:25, 40:20
**matters** [2] - 11:2, 18:3
**McCarthy** [3] - 5:5, 10:4, 10:19
**McCarthy's** [1] - 10:15
**mechanical** [1] - 1:24
**meet** [1] - 17:13
**memorandum** [1] - 14:1
**merit** [3] - 10:13, 31:10, 37:7
**merits** [1] - 11:21, 18:23
**Messrs** [1] - 10:14
**Milman** [5] - 1:13, 11:11, 15:23, 16:3, 25:10
**mine** [1] - 39:18
**minimum** [1] - 23:18
**misconduct** [2] - 5:13, 10:18
**missing** [1] - 8:8
**modified** [3] - 19:6, 19:23, 28:8
**moment** [1] - 26:3
**momentarily** [1] - 27:10
**Mona** [1] - 2:12
**MONA** [2] - 1:6, 1:16
**money** [1] - 37:15
**moot** [1] - 12:4
**morning** [4] - 2:7, 2:10, 2:25, 27:14
**most** [3] - 18:2, 32:22, 34:12
**mother** [1] - 14:12
**motion** [44] - 3:5, 3:6, 3:8, 3:13, 3:15, 3:18, 3:19, 7:17, 8:10, 8:13, 8:16, 8:23, 9:2, 9:12, 12:20, 13:15, 13:22, 13:25, 14:7, 14:13, 16:12, 16:14, 17:7, 17:10, 17:11, 17:14, 17:18, 18:19, 18:21, 18:25, 19:1, 34:22, 35:19, 35:23, 35:24, 36:1, 36:2, 36:3, 36:6, 36:7, 36:13, 37:22
**motions** [4] - 5:9, 35:14, 35:22, 36:14
**MR** [6] - 2:7, 34:6, 34:12, 35:8, 39:15, 40:18

**MS** [25] - 2:12, 2:16, 2:19, 19:25, 20:6, 20:8, 27:3, 27:18, 28:9, 29:7, 29:15, 29:25, 30:11, 30:14, 30:17, 31:16, 32:1, 35:2, 35:4, 35:6, 37:19, 37:21, 39:23, 39:25, 40:19
**multiple** [2] - 6:5, 25:21
**must** [4] - 22:22, 33:19, 38:10, 38:11
**Mustafa** [55] - 2:5, 2:12, 2:14, 3:11, 3:20, 4:23, 4:25, 5:8, 5:12, 5:16, 5:20, 6:14, 7:5, 7:10, 7:19, 7:20, 8:5, 8:16, 8:19, 9:16, 9:22, 10:2, 10:25, 12:18, 12:21, 12:25, 13:3, 14:4, 14:6, 14:19, 14:22, 16:8, 16:11, 16:19, 17:3, 17:8, 17:13, 17:17, 17:24, 18:7, 19:7, 19:11, 19:15, 19:19, 23:13, 26:8, 27:12, 34:13, 34:15, 34:20, 35:1, 35:15, 35:24, 36:13, 37:9
**MUSTAFA** [27] - 1:6, 1:16, 2:12, 2:16, 2:19, 19:25, 20:6, 20:8, 27:3, 27:18, 28:9, 29:7, 29:15, 29:25, 30:11, 30:14, 30:17, 31:16, 32:1, 35:2, 35:4, 35:6, 37:19, 37:21, 39:23, 39:25, 40:19
**Mustafa's** [12] - 3:5, 4:1, 6:18, 9:4, 9:18, 11:22, 18:11, 35:9, 36:8, 36:16, 36:20, 37:7

# N

**named** [2] - 23:19, 38:2
**namely** [1] - 18:6
**need** [1] - 18:19
**needed** [1] - 40:9
**never** [8] - 5:1, 5:22, 21:15, 22:3, 25:1, 25:14, 33:24, 33:25
**new** [7] - 3:6, 8:19, 8:24, 14:16, 16:9, 18:18, 18:22
**NEW** [1] - 1:1
**New** [21] - 1:5, 1:14, 1:20, 4:17, 4:22, 5:19, 11:17, 14:11, 16:6, 22:15, 22:18, 23:15, 24:17, 26:13, 30:25, 32:12, 32:19, 37:1, 38:19, 39:1, 39:3
**next** [2] - 14:2, 28:5
**night** [1] - 35:20
**No.s** [1] - 12:17
**non** [1] - 38:10
**non-governmental** [1] - 38:10

**none** [2] - 23:22, 33:3
**nonetheless** [1] - 36:1
**Northern** [18] - 12:24, 14:8, 22:10, 23:1, 24:1, 24:14, 25:3, 28:18, 32:11, 32:14, 32:24, 35:18, 36:7, 37:5, 38:19, 38:20, 39:4, 40:9
**note** [3] - 2:21, 9:21, 27:11
**noted** [2] - 18:16, 34:1
**notes** [1] - 5:6
**nothing** [2] - 27:13, 39:15
**notice** [9] - 3:12, 4:8, 4:14, 7:21, 8:4, 13:5, 13:9, 21:15, 25:22
**notifying** [1] - 15:12
**notwithstanding** [2] - 6:13, 16:22
**November** [2] - 4:14, 29:9
**NSI** [43] - 1:3, 2:4, 2:8, 7:17, 7:21, 8:4, 8:20, 9:1, 15:4, 15:18, 15:23, 21:9, 22:8, 22:13, 23:3, 23:6, 23:8, 23:11, 23:12, 23:16, 24:3, 24:25, 25:1, 26:3, 27:7, 28:14, 28:16, 29:7, 30:4, 31:1, 32:10, 32:12, 32:13, 32:17, 32:20, 32:23, 33:5, 33:7, 35:23, 37:3, 37:5, 38:20, 39:7
**NSI's** [3] - 7:25, 13:14, 36:9
**nullity** [1] - 21:1
**numbers** [1] - 5:7
**numerous** [2] - 21:20, 37:11

# O

**oath** [5] - 19:15, 24:12, 32:9, 34:8, 39:7
**objection** [2] - 9:18, 12:4
**objections** [2] - 20:10, 24:20
**obligation** [1] - 36:10
**observe** [1] - 2:14
**obtained** [1] - 11:6
**occurred** [2] - 6:25, 31:6
**OF** [2] - 1:1, 1:9
**Official** [1] - 1:19
**officially** [1] - 40:15
**offshore** [1] - 26:5
**Ohio** [4] - 32:14, 32:16, 38:20, 39:3
**old** [1] - 18:22
**omitted** [1] - 15:1
**once** [6] - 13:16, 16:19, 19:21, 28:13, 28:25, 40:2
**one** [9] - 13:22, 20:25, 27:13, 27:17, 30:7, 38:2, 38:12, 39:23, 39:25
**ongoing** [1] - 5:6
**open** [2] - 18:13
**operate** [1] - 36:9

**operating** [1] - 25:4
**opportunity** [4] - 15:15, 17:25, 19:24, 34:10
**option** [1] - 12:23
**oral** [4] - 15:17, 25:14, 25:16, 25:19
**ORDER** [1] - 1:9
**order** [37] - 3:18, 3:19, 5:16, 6:4, 7:11, 7:22, 7:25, 9:14, 11:12, 11:19, 12:20, 13:4, 13:6, 13:19, 14:7, 14:10, 14:17, 14:20, 14:23, 16:13, 16:15, 17:11, 17:18, 18:16, 26:7, 26:10, 26:12, 26:14, 26:17, 26:19, 30:25, 31:8, 36:19, 40:2, 40:4
**ordered** [2] - 12:10, 12:15
**orders** [13] - 7:15, 11:14, 13:2, 16:20, 17:22, 18:8, 19:10, 28:20, 35:16, 35:19, 36:5, 37:11, 40:6
**original** [2] - 15:1, 18:19
**otherwise** [2] - 18:24, 22:21
**out-of-state** [1] - 11:5
**outset** [1] - 34:3
**own** [3] - 9:21, 26:11, 26:15
**owned** [6] - 15:5, 23:5, 23:10, 23:17, 24:5, 31:2, 32:17, 32:21
**owners** [1] - 23:18
**ownership** [4] - 22:13, 23:24, 32:10, 33:4
**owning** [1] - 38:13
**owns** [1] - 24:10

# P

**p.m** [1] - 1:7
**page** [1] - 7:9
**pages** [2] - 4:2, 15:1
**papers** [5] - 4:15, 9:22, 14:4, 27:15, 34:19
**paragraph** [1] - 31:8
**pardon** [1] - 30:14
**parent** [20] - 21:10, 21:25, 22:13, 23:9, 23:23, 24:9, 25:2, 26:4, 28:15, 28:16, 29:8, 33:4, 33:5, 33:10, 38:12, 38:21, 38:22, 39:5, 39:8
**parents** [1] - 37:2
**part** [6] - 9:11, 9:12, 12:20, 18:2, 36:6, 39:17
**particular** [2] - 7:18, 11:16
**parties** [2] - 15:14, 21:6
**parts** [1] - 12:6
**party** [5] - 21:10, 21:15, 29:11, 37:2, 38:11
**past** [2] - 27:23, 27:24
**Paul** [1] - 1:19

**pauperis** [1] - 3:7
**pending** [6] - 4:22, 8:25, 11:14, 11:17, 12:4, 36:6
**per** [1] - 20:14
**percent** [3] - 23:10, 24:10, 38:13
**performance** [1] - 7:10
**perhaps** [1] - 27:13
**permanent** [1] - 8:13
**permission** [3] - 11:6, 16:12, 36:14
**permit** [1] - 14:9
**permits** [1] - 6:22
**person** [2] - 7:22, 12:21
**personal** [4] - 4:12, 15:14, 22:21, 29:3
**petition** [1] - 6:19
**Ph** [1] - 1:20
**place** [2] - 19:8, 27:25
**placed** [1] - 13:5
**plaintiff** [21] - 2:2, 2:8, 3:10, 3:13, 4:19, 5:14, 7:4, 11:25, 13:10, 13:12, 14:13, 18:10, 19:13, 21:11, 28:15, 29:7, 29:10, 33:14, 33:24, 34:5, 34:23
**Plaintiff** [2] - 1:4, 1:12
**plaintiff's** [19] - 4:9, 4:10, 7:20, 8:15, 8:19, 9:17, 9:19, 11:18, 12:5, 12:9, 12:11, 12:14, 13:20, 13:21, 13:24, 16:17, 16:25, 19:1, 20:14
**plaintiffs** [3] - 6:12, 8:10, 33:15
**Plaza** [1] - 1:20
**pleading** [1] - 23:2
**pleadings** [4] - 5:9, 6:7, 35:20, 37:22
**point** [6] - 9:14, 24:22, 30:9, 35:13, 39:10, 40:14
**pointed** [2] - 11:23, 15:21
**pose** [1] - 14:12
**position** [1] - 18:11
**possible** [2] - 8:3, 10:18
**post** [11] - 3:14, 3:15, 4:9, 4:10, 4:20, 7:25, 8:1, 11:22, 12:12, 18:9, 20:14
**Postal** [1] - 6:11
**posted** [1] - 8:9
**potentially** [1] - 7:11
**Power** [1] - 32:17
**power** [1] - 23:17
**Powerview** [15] - 15:5, 22:7, 22:9, 23:4, 23:17, 24:4, 26:4, 28:16, 31:2, 32:21, 32:23, 33:5, 38:1, 38:21, 39:6
**practice** [7] - 4:25, 5:2, 9:20, 10:7, 11:8, 15:25, 16:3

**preclude** [2] - 7:7, 8:16
**prepare** [1] - 39:20
**prepared** [1] - 19:25
**present** [2] - 2:14, 34:11
**presented** [3] - 18:18, 28:1, 37:9
**presenting** [1] - 18:22
**preserve** [5] - 20:10, 20:12, 20:23, 21:3, 26:20
**pretty** [1] - 36:2
**prevent** [2] - 6:6, 18:20
**preventing** [1] - 37:13
**previous** [1] - 13:22
**previously** [9] - 3:2, 4:13, 5:12, 12:13, 18:18, 19:5, 19:23, 21:20, 27:20
**primarily** [3] - 9:18, 10:5, 36:22
**privacy** [2] - 29:19, 29:20
**pro** [2] - 2:13, 5:11
**Pro** [1] - 1:16
**Procedure** [18] - 4:21, 15:7, 20:16, 21:9, 21:13, 21:16, 23:21, 24:25, 26:8, 28:24, 29:12, 29:17, 32:3, 32:5, 33:13, 38:4, 38:6, 38:7
**procedure** [1] - 23:7
**procedures** [1] - 6:1
**proceed** [3] - 3:6, 26:12, 40:15
**proceeded** [1] - 22:4
**proceeding** [6] - 2:14, 16:5, 18:13, 20:1, 31:25, 36:15
**Proceedings** [1] - 1:24
**proceedings** [16] - 2:22, 11:4, 11:6, 16:13, 16:15, 17:9, 17:16, 18:15, 19:1, 21:6, 21:8, 26:2, 26:19, 28:23, 32:4, 32:19
**process** [8] - 21:7, 22:22, 25:12, 28:22, 29:11, 30:10, 32:2, 32:6
**produce** [3] - 3:21, 18:8, 37:11
**produced** [1] - 1:25
**producing** [1] - 35:17
**production** [1] - 4:9
**professional** [2] - 10:7, 10:18
**proof** [1] - 29:18
**proper** [1] - 11:22
**properly** [1] - 21:15
**prosecuting** [1] - 10:6
**prove** [2] - 30:20, 40:17
**proves** [1] - 28:14
**provide** [6] - 4:8, 10:17, 11:21, 14:13, 19:10, 20:21
**provided** [5] - 4:4, 9:16, 16:20, 32:13, 36:25
**public** [2] - 15:24, 31:5

**publicly** [7] - 23:4, 23:10, 24:5, 37:3, 37:6, 38:13, 38:16
**purpose** [2] - 9:6, 19:3
**purposes** [2] - 27:9, 39:22
**pursuant** [4] - 23:6, 29:15, 37:25, 38:3
**put** [4] - 2:24, 19:20, 39:10, 39:11

## Q

**questionable** [2] - 5:22, 6:3
**questions** [2] - 29:21, 30:6
**quickly** [1] - 39:20
**quote** [9] - 4:1, 4:2, 6:10, 7:9, 7:13, 10:2, 14:22, 14:24, 23:6
**quoted** [1] - 8:6
**quoting** [1] - 24:2

## R

**R&R** [1] - 13:15
**raise** [12] - 17:25, 19:16, 20:9, 24:21, 30:7, 30:12, 30:15, 30:17, 30:18, 30:20, 34:8, 36:23
**raised** [4] - 4:23, 18:3, 30:21, 31:9
**raising** [2] - 31:15, 36:21
**rational** [1] - 25:17
**read** [1] - 38:8
**real** [3] - 21:10, 21:15, 29:11
**really** [1] - 27:21
**reason** [2] - 37:8, 37:9
**reasonable** [1] - 12:7
**reasons** [3] - 9:16, 13:10, 16:20
**receive** [1] - 40:2
**received** [5] - 10:3, 11:1, 13:11, 17:7, 26:13
**receiving** [1] - 14:15
**recent** [3] - 10:3, 11:1, 25:25
**recently** [4] - 25:3, 25:21, 32:22, 34:15
**recommendation** [5] - 3:3, 9:10, 25:13, 39:18, 39:20
**reconsideration** [5] - 17:8, 17:12, 17:15, 18:21, 18:25
**record** [19] - 2:6, 2:21, 2:24, 5:24, 16:13, 18:14, 19:8, 19:20, 23:8, 23:13, 27:7, 27:12, 28:4, 34:2, 38:9, 39:11, 39:19, 40:14
**recorded** [1] - 1:24
**recording** [1] - 17:9
**recusal** [4] - 15:16, 21:24, 22:3, 25:25
**refer** [1] - 17:2
**reference** [2] - 13:22, 29:4

**referenced** [1] - 34:16
**references** [1] - 23:15
**referencing** [1] - 6:18
**referred** [3] - 3:17, 9:12, 13:14
**refers** [1] - 17:17
**reflect** [1] - 23:16
**refusal** [4] - 7:25, 9:17, 11:22, 36:4
**refuse** [2] - 6:22, 16:21
**refused** [1] - 12:2
**refuses** [2] - 7:1, 7:14
**refusing** [2] - 7:14, 7:21
**regard** [3] - 7:16, 11:10, 11:13
**regarding** [6] - 10:13, 10:14, 11:2, 13:4, 13:20, 15:16
**regardless** [3] - 24:19, 26:22, 32:1
**regards** [2] - 22:24, 25:6
**registration** [2] - 9:23, 17:3
**registry** [1] - 5:4
**rehearing** [2] - 6:19, 18:23
**reinstated** [1] - 5:22
**reiterates** [1] - 8:8
**rejected** [3] - 34:13, 34:19, 35:8
**relate** [1] - 10:5
**related** [3] - 20:1, 36:23, 37:8
**relationship** [2] - 25:17, 32:18
**relative** [1] - 2:15
**relevance** [1] - 21:22
**relief** [1] - 12:5
**relitigate** [3] - 16:8, 17:24, 35:11
**relitigating** [1] - 18:22
**remaining** [2] - 12:18, 31:9
**rendered** [4] - 16:5, 17:23, 20:25, 21:5
**renders** [3] - 7:2, 29:17, 33:14
**renew** [1] - 36:12
**repeatedly** [2] - 22:6, 31:4
**repeats** [1] - 33:8
**reply** [2] - 30:18
**report** [5] - 3:2, 9:10, 25:13, 39:18, 39:20
**reported** [2] - 23:24, 29:8
**Reporter** [1] - 1:19
**reporter** [2] - 2:22, 18:14
**repose** [1] - 22:19
**represent** [1] - 36:11
**represented** [1] - 4:16
**representing** [1] - 2:13
**request** [9] - 4:9, 8:1, 8:2, 11:15, 12:16, 13:9, 24:11, 26:1, 27:4
**requested** [1] - 5:3

**requests** [13] - 3:14, 5:11, 9:17, 10:3, 11:23, 12:9, 12:12, 12:18, 16:25, 18:9, 19:5, 19:22, 28:7
**require** [3] - 3:22, 11:5, 36:13
**required** [13] - 5:15, 5:16, 6:14, 12:16, 20:15, 20:21, 23:3, 23:24, 24:3, 33:4, 33:12, 38:16, 39:9
**requirement** [2] - 20:14, 33:11
**requirements** [2] - 15:8, 17:13
**requires** [1] - 37:1
**requiring** [1] - 7:22
**reserving** [2] - 28:10, 39:19
**respect** [8] - 27:24, 28:9, 28:19, 34:17, 35:13, 35:17, 36:17, 37:10
**respects** [1] - 8:7
**respond** [20] - 5:17, 6:15, 7:14, 7:25, 9:17, 11:22, 12:3, 12:11, 12:16, 12:18, 19:4, 19:21, 20:19, 26:17, 28:6, 28:13, 29:2, 29:25, 37:19, 38:3
**responded** [5] - 4:13, 5:1, 5:14, 20:13, 26:16
**responding** [4] - 7:19, 9:18, 12:8, 12:20
**responds** [1] - 7:4
**response** [7] - 4:1, 4:18, 4:19, 6:12, 14:20, 14:23, 20:20
**responses** [5] - 3:13, 3:21, 18:9, 27:21, 35:17
**restraining** [5] - 4:8, 4:14, 7:21, 8:3, 13:9
**restricted** [1] - 18:5
**resubmit** [1] - 13:23
**resubmitted** [1] - 13:25
**result** [3] - 13:6, 21:15, 25:23
**resulted** [1] - 32:5
**retaliation** [1] - 5:21
**retaliatory** [1] - 7:12
**review** [1] - 10:10
**reviewed** [1] - 10:16
**rights** [9] - 5:5, 18:12, 21:2, 21:7, 28:10, 28:22, 30:4, 32:6, 34:23
**Rights** [7] - 6:2, 6:4, 6:6, 6:9, 6:16, 6:20, 25:9
**RMR** [1] - 1:19
**rule** [3] - 11:4, 17:14, 37:25
**Rule** [31] - 4:20, 11:3, 15:7, 15:8, 17:14, 21:9, 21:11, 21:13, 21:16, 21:17, 21:22, 23:7, 23:21, 24:7, 24:23, 24:24, 24:25, 29:12, 29:16,

29:17, 32:5, 33:2, 33:9, 33:11, 36:24, 38:3, 38:7, 38:22
**ruled** [2] - 16:1, 34:24
**rules** [3] - 10:6, 23:7, 33:12
**Rules** [10] - 20:16, 21:8, 21:13, 26:7, 28:24, 32:2, 33:13, 38:4, 38:6, 38:7
**ruling** [1] - 26:22
**rulings** [3] - 10:15, 11:14, 17:21
**runs** [1] - 22:19
**Ryan** [2] - 19:14, 34:8

## S

**sanctions** [14] - 3:23, 7:18, 7:23, 8:16, 13:1, 17:1, 17:2, 18:6, 31:17, 31:19, 31:22, 35:24, 36:7, 37:9
**scanned** [2] - 4:4, 31:5
**schedule** [1] - 14:8
**screen** [1] - 25:8
**Se** [1] - 1:16
**se** [1] - 2:13
**search** [3] - 6:24, 20:17, 28:12
**second** [15] - 4:12, 4:19, 4:23, 7:12, 7:25, 8:6, 8:15, 9:1, 10:23, 13:14, 15:17, 15:22, 16:7, 18:24, 20:23
**Second** [37] - 3:12, 4:4, 5:25, 6:13, 7:2, 9:5, 9:7, 12:1, 12:3, 13:17, 15:12, 15:20, 16:6, 16:10, 16:22, 18:1, 20:11, 20:24, 21:4, 24:8, 24:17, 24:21, 26:9, 26:14, 26:21, 28:1, 30:13, 30:15, 31:7, 33:9, 34:14, 34:16, 34:18, 34:21, 34:24, 35:8, 39:1
**secondly** [1] - 4:7
**secured** [1] - 6:24
**see** [1] - 26:18
**seeking** [3] - 9:3, 14:7, 16:12
**seeks** [2] - 7:22, 17:24
**seizure** [3] - 6:24, 20:17, 28:12
**senior** [1] - 9:23
**Senior** [1] - 10:21
**separate** [1] - 32:15
**September** [5] - 3:4, 3:11, 9:1, 9:7, 12:1
**serve** [1] - 29:11
**served** [7] - 5:17, 12:13, 18:10, 21:15, 28:25, 29:5
**service** [2] - 14:3, 14:5
**Service** [1] - 6:11
**set** [3] - 13:10, 14:16, 22:23
**settlement** [6] - 15:19, 25:14,

25:15, 25:16, 25:18, 25:19
**seven** [2] - 15:2, 35:13
**several** [5] - 9:14, 12:14, 14:21, 23:18, 30:6
**shot** [1] - 25:8
**show** [11] - 12:21, 12:25, 13:4, 14:7, 14:10, 14:17, 14:20, 14:23, 16:13, 17:18, 36:19
**SHOW** [1] - 1:9
**side** [2] - 26:11, 26:14
**sides** [3] - 25:18, 27:9, 34:4
**sidestep** [1] - 36:21
**simply** [3] - 34:23, 37:7, 37:14
**single** [1] - 14:12
**sit** [1] - 30:3
**sixth** [1] - 6:21
**sole** [1] - 22:8
**sought** [1] - 12:5
**Southern** [2] - 22:18, 37:1
**speaking** [1] - 2:18
**specific** [1] - 30:1
**specifically** [16] - 12:15, 16:25, 19:4, 19:9, 19:21, 21:9, 26:10, 26:14, 27:5, 27:20, 28:3, 28:7, 29:22, 32:7, 35:19, 39:5
**spent** [1] - 36:11
**stand** [3] - 19:16, 28:21, 34:7
**standing** [6] - 33:15, 33:16, 33:19, 33:21, 33:24
**start** [1] - 20:2
**State** [2] - 4:17, 9:20
**state** [6] - 2:6, 10:8, 11:5, 11:8, 16:1, 16:1, 38:23
**statement** [32] - 3:9, 15:8, 15:10, 20:1, 21:12, 21:18, 21:23, 22:14, 23:6, 23:22, 24:1, 24:7, 24:12, 24:13, 24:15, 24:23, 25:4, 25:15, 27:6, 27:12, 32:13, 32:16, 33:2, 33:3, 33:21, 34:18, 36:24, 37:4, 38:7, 38:12, 40:8
**statements** [6] - 19:7, 22:12, 24:6, 25:22, 29:1, 37:24
**STATES** [2] - 1:1, 1:10
**states** [10] - 7:10, 7:13, 7:15, 7:20, 10:2, 23:9, 23:16, 26:10, 39:2, 39:5
**States** [6] - 1:5, 6:11, 6:22, 11:25, 23:1, 24:16
**stating** [2] - 7:4, 8:24
**statute** [3] - 22:19, 40:5, 40:6
**statutes** [1] - 10:9
**stayed** [1] - 6:13
**stenography** [1] - 1:24
**still** [1] - 12:3
**stock** [4] - 23:11, 24:10,

38:14
**subject** [2] - 13:7, 22:20
**submission** [3] - 7:9, 7:19, 16:9
**submissions** [4] - 10:16, 13:20, 14:15, 23:16
**submit** [1] - 26:1
**submitted** [5] - 21:20, 25:7, 25:21, 26:12, 27:15
**subpoena** [1] - 4:14
**subsidiaries** [1] - 37:2
**subsidiary** [9] - 15:5, 22:9, 23:3, 24:4, 31:2, 32:17, 32:21, 32:23, 37:5
**Success** [1] - 1:14
**sue** [1] - 33:16
**sued** [1] - 33:16
**sufficient** [2] - 10:17, 22:25
**Suite** [1] - 1:20
**summary** [5] - 11:24, 16:23, 26:10, 30:9, 34:22
**supposed** [1] - 23:22
**Supreme** [9] - 9:24, 11:2, 23:15, 30:25, 32:20, 33:17, 34:21, 38:19, 39:3
**suspended** [1] - 5:13
**swear** [9] - 19:11, 20:4, 20:6, 24:12, 27:5, 27:10, 34:4, 39:7, 39:9
**swearing** [2] - 27:9, 32:9
**sworn** [3] - 19:18, 20:3, 34:9
**system** [1] - 31:5

## T

**tampering** [1] - 6:10
**template** [1] - 36:25
**ten** [2] - 10:23, 38:1
**testimony** [1] - 19:8
**Tharp's** [1] - 35:21
**THE** [34] - 1:9, 2:4, 2:10, 2:15, 2:17, 2:20, 19:16, 19:19, 20:4, 20:7, 27:1, 27:8, 27:19, 29:4, 29:13, 29:24, 30:6, 30:12, 30:15, 31:7, 31:23, 34:1, 34:7, 34:10, 35:1, 35:3, 35:5, 35:7, 37:18, 37:20, 39:9, 39:16, 39:24, 40:13
**theories** [1] - 18:23
**thereafter** [1] - 13:13
**therefore** [7] - 6:4, 6:14, 7:1, 12:2, 16:7, 20:21, 22:11
**third** [4] - 5:20, 8:3, 15:23, 21:3
**three** [1] - 17:20
**timely** [3] - 6:7, 20:13, 20:21
**TO** [1] - 1:9
**today** [11] - 14:16, 18:6, 19:20, 24:11, 26:23, 27:22,

28:2, 31:11, 34:3, 36:20, 37:8
**today's** [5] - 17:9, 18:14, 19:1, 19:3, 20:1
**tolerate** [1] - 12:10
**Tomlinson** [3] - 2:1, 22:2, 25:23
**TOMLINSON** [1] - 1:9
**took** [1] - 27:25
**trampled** [1] - 30:4
**Transcript** [1] - 1:25
**TRANSCRIPT** [1] - 1:9
**travel** [1] - 14:11
**trial** [2] - 3:6, 31:18
**true** [1] - 5:3
**truly** [1] - 10:21
**truth** [1] - 10:13
**try** [1] - 37:13
**trying** [6] - 13:18, 30:2, 35:11, 36:21, 36:22, 36:23
**turn** [2] - 19:12, 36:22
**two** [6] - 9:22, 12:6, 12:20, 27:13, 38:11, 38:23

## U

**U.S** [1] - 34:21
**under** [15] - 4:20, 7:2, 17:14, 18:22, 20:15, 20:17, 24:12, 24:24, 28:10, 32:2, 32:7, 32:9, 36:24, 39:7
**underlying** [3] - 11:21, 27:24, 30:9
**undermined** [1] - 15:24
**undersigned** [1] - 23:8
**undue** [1] - 14:12
**unfounded** [1] - 38:16
**UNITED** [2] - 1:1, 1:10
**United** [6] - 1:5, 6:11, 6:22, 11:25, 23:1, 24:16
**University** [1] - 14:9
**unless** [2] - 13:11, 35:22
**unreasonable** [2] - 6:24, 28:12
**unsubstantiated** [1] - 26:2
**up** [6] - 5:20, 28:25, 29:14, 30:9, 31:11, 32:8
**US** [3] - 20:11, 20:16, 22:17

## V

**valid** [6] - 4:20, 9:16, 21:24, 22:3, 25:24, 38:17
**validity** [1] - 29:18
**various** [1] - 14:20
**vehicle** [1] - 18:21
**versus** [2] - 22:17, 28:16
**via** [1] - 2:2
**vice** [1] - 5:11
**video** [3] - 16:12, 17:9, 19:1

**videoconference** [4] - 2:3, 2:11, 12:24, 14:11
**videotape** [3] - 16:15, 17:18, 26:1
**violate** [1] - 26:7
**violating** [2] - 21:7, 35:16
**violation** [4] - 18:12, 22:22, 32:6, 35:18
**violations** [2] - 10:6, 25:12
**Virgin** [2] - 23:17, 26:5
**void** [10] - 6:5, 7:11, 20:18, 20:25, 26:20, 29:17, 29:22, 35:11, 40:4
**voided** [2] - 40:5, 40:6

## W

**wait** [1] - 27:3
**waiting** [1] - 37:12
**waived** [2] - 18:4, 21:2
**Walsh** [1] - 10:21
**wants** [1] - 8:8
**watch** [1] - 30:3
**whatsoever** [2] - 36:19, 37:8
**wholly** [4] - 15:5, 31:2, 32:17, 32:20
**Wildlife** [1] - 33:17
**wise** [1] - 33:16
**wish** [2] - 19:20, 39:13
**wishes** [2] - 19:8, 39:11
**witness** [1] - 2:13
**word** [2] - 38:8
**writ** [1] - 34:20
**wrote** [3] - 23:6, 23:12, 33:9

## Y

**year** [1] - 37:12
**years** [1] - 35:13
**YORK** [1] - 1:1
**York** [21] - 1:5, 1:14, 1:20, 4:17, 4:22, 5:19, 11:17, 14:11, 16:6, 22:15, 22:18, 23:15, 24:17, 26:13, 30:25, 32:12, 32:19, 37:1, 38:19, 39:1, 39:3
**yourself** [1] - 31:15