FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 09 2016 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NSI INTERNATIONAL, INC.,

   Plaintiff,

    – against –

MONA MUSTAFA,

   Defendant.
----------------------------------X

ORDER
12-CV-5528 (JFB)(AKT)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Tomlinson, advising the Court to deem plaintiff's September 8, 2015 motion for attorneys' fees moot in light of the revised motion papers filed on April 19, 2016, grant plaintiff's April 19, 2016 motion for attorneys' fees, and award plaintiff $20,160 in attorneys' fees. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety, grants plaintiff's motion for attorneys' fees, and awards plaintiff $20,160 in attorneys' fees.

## I. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). When a party submits a timely objection to a report and recommendation, the district judge will review the parts

of the report and recommendation to which the party objected under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

Here, although plaintiff only objects on personal and subject matter jurisdiction grounds, the Court has reviewed the entire R&R under a *de novo* standard of review, in an abundance of caution.

## II. ANALYSIS

In her R&R, Magistrate Judge Tomlinson recommends that (1) plaintiff's September 8, 2014 motion for attorneys' fees be deemed moot in light of the revised motion papers filed on April 19, 2016; (2) plaintiff's April 19, 2016 motion for attorneys' fees be granted; and (3) plaintiff be awarded $20,160 in attorneys' fees.

In defendant's objections to the R&R, she argues that the Court lacks personal and subject matter jurisdiction to award attorneys' fees to plaintiff because plaintiff lacks capacity and standing to sue. In particular, defendant claims that plaintiff filed a false Corporate Disclosure Statements under Rules 7.1 and 26.1 of the Federal Rules of Civil Procedure. Although defendant did not submit an opposition to plaintiff's motion for attorneys' fees, and thus, this issue was not addressed by Magistrate Judge Tomlinson in her R&R, defendant previously raised this argument multiple times, most recently in her May 6, 2016 filing with the Court as to why she should not be held in contempt (ECF No. 116-1), and at the May 26, 2016 hearing before Magistrate Judge Tomlinson.

(*See* ECF No. 132 at 21-33.) Further, as defendant indicated at the May 26, 2016 hearing, she previously raised this argument before the Second Circuit on appeal. (*See id.* at 30.) Indeed, in her reply brief before the Second Circuit, defendant raised this argument, claiming:

> NSI's Corporate Disclosure Statement: "Pursuant to Rule 26.1 of the F.R.A.P. undersigned counsel of record for Appellee, NSI International, Inc. states that there are no parent corporations or any publicly held corporation which owns 10% or more of NSI's stock." . . . This is contradictory to evidence in the record. Mustafa directs the Court's attention to 12-5528 Doc. 31-18 in its entirety. The document references an Order from the New York Supreme Court, which states "The submissions reflect that NSI is owned wholly by Powerview, a British Virgin Island investment company whose owners are Hong Kong based investors." . . .

(14-3706, Dkt. Entry 58, at 16-17.) As Magistrate Judge Tomlinson noted at the May 26, 2016 hearing (*see* ECF No. 132, at 31), in its mandate affirming this Court's grant of summary judgment to plaintiff, the Second Circuit noted that they "considered all of the arguments raised by Mustafa on appeal and find them to be without merit." (ECF No. 99, at 2.)[1] Thus, because defendant's argument was squarely presented to, and rejected by, the Second Circuit on appeal, defendant may not relitigate this issue before this Court. *See United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) ("The mandate rule compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." (internal quotation marks and citation omitted)); *Burrell v. United States*, 467 F.3d 160, 165 (2d Cir. 2006) (The mandate rule "holds that where issues have been explicitly or implicitly decided on appeal, the district court is obliged, on remand, to follow the decision of the appellate court." (internal quotation marks and citation omitted)); *see also United States v. Ware*, No. 04 CR. 1224 (RWS), 2011 WL 291690, at *1 (S.D.N.Y. Jan. 19, 2011) (finding defendant could not relitigate issues that were presented to, and rejected by, the Second Circuit on appeal), *adhered to*, No. 04

---

[1] The Court notes that, at the May 26, 2016 hearing before Magistrate Judge Tomlinson, counsel for plaintiff responded to this issue and stated that "NSI is a subsidiary of another company, but that company is not publicly held. So Ms. Mustafa's claim simply has no merit." (ECF No. 132, at 37.)

3

CR. 1224 RWS, 2011 WL 446336 (S.D.N.Y. Feb. 1, 2011). In any event, the Court concludes that the argument has no merit.

Further, although defendant did not raise any objections to Magistrate Judge Tomlinson's recommendation regarding attorneys' fees, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety.

### III. CONCLUSION

For the foregoing reasons, the Court adopts the R&R in its entirety. Accordingly, IT IS HEREBY ORDERED that plaintiff's September 8, 2014 motion for attorneys' fees is deemed moot, plaintiff's April 19, 2016 motion for attorneys' fees is granted, and plaintiff is awarded $20,160 in attorneys' fees. The Clerk of the Court shall enter judgment accordingly.

SO ORDERED.

Joseph F. Bianco
United States District Judge

Dated: September 9, 2016
Central Islip, New York

4